No. 1,642.

## LOEB v. McALISTER.

MORTGAGE.— *Deed Absolute in Form.— Contemporaneous Agreement.*—A deed of real property, though absolute on its face, given to secure a loan, executed contemporaneously with a written agreement on the part of the grantee, to reconvey on repayment of the sum advanced, with interest, is a mortgage as between the parties thereto; and if such grantee, before default by the grantor, conveys the premises to an innocent purchaser who ousts the grantor from possession, such first grantee is liable in damages.

EVIDENCE.—*Deed Absolute in Form.—Mortgage.*—All the facts and circumstances attending the execution of a deed absolute on its face, but given to secure the repayment of money advanced to the grantor, are admissible in evidence in an action between the original parties, as tending to show whether such deed is in fact a mortgage.

INSTRUCTIONS TO JURY.—*How Made Part of Record.*—In order that instructions may be made a part of the record without a bill of exceptions, the record must affirmatively show that they were filed.

From the Madison Circuit Court.

*Kittinger & Reardon,* and *Diven & McMahan,* for appellant.

*Bagot & Bagot,* and *H. W. Taylor,* for appellee.

ROSS, J.—The appellee brought this action, alleging in his complaint, that in the year 1890 he was the owner and in possession of a certain 120 acres of land in Madison county, Indiana, which was of the value of $6,000.00; that he was, at that time, indebted to divers persons in the aggregate sum of $2,500.00; that appellant assumed to pay said indebtedness, and in consideration thereof, and to secure the repayment within ten years to appellant of said sum of $2,500.00, with interest at 8 per cent., appellee transferred said land

to him by deed of conveyance, and which land, it was understood and agreed by and between the parties, was to be reconveyed by appellant to appellee upon such repayment; that the agreement to reconvey was in writing, and executed contemporaneously with the deed of conveyance; that afterward, on the 20th day of April, 1892, appellee borrowed from appellant the further sum of $1,000.00, which sum it was agreed should be secured by said conveyance, aforesaid, and should be repaid with interest at 8 per cent. before appellee was entitled to a reconveyance from appellant of said real estate; that when appellee borrowed this $1,000.00 he delivered up to appellant the written agreement to reconvey, executed at the time the deed was made; that afterwards, and before the expiration of the time agreed upon for the payment of said money, to-wit: November 27, 1892, appellant "fraudulently and designedly, for the purpose of cheating, hindering, and defrauding" appellee, "sold and conveyed said real estate to one Thomas Wendell, who was an innocent purchaser thereof, and who paid a valuable consideration therefor, and who had no notice or knowledge of the rights of the plaintiff in and to said real estate, as aforesaid;" that said Windell thereupon instituted proceedings, and ousted appellee from the possession of said real estate, to his damage, etc. A demurrer for want of facts was filed to the complaint, and overruled by the court, and this is the first specification of error assigned.

The appellant insists that the complaint is insufficient for several reasons, namely: *First.* Because the action is upon a parol contract with reference to real estate, which was not to be performed within one year, hence the contract was within the statute of frauds and void. *Second.* Because it is not alleged that the purchaser, Windell, did not know of appel-

lee's rights, or that appellee ever demanded of him a reconveyance of the property. *Third.* Because it is not alleged that appellee ever tendered to appellant the amount due him, and demanded a reconveyance, or that he ever demanded the difference between the amount owing to appellant and the value of the property.

We think the facts alleged show that while the deed of conveyance from appellee to appellant was absolute on its face, as between the parties themselves, it was in truth and in fact nothing but a mortgage. *Parker* v. *Hibble*, 75 Ind. 580; *Beatty* v. *Brummett*, 94 Ind. 76; *Creighton* v. *Hoppis*, 99 Ind. 369; *Cox* v. *Ratcliffe*, 105 Ind. 374; *Voss* v. *Eller*, 109 Ind. 260; *Wolfe* v. *McMillen*, 117 Ind. 587; *Miller* v. *Curry*, 124 Ind. 48.

As between appellant and appellee, the deed which appellee executed to appellant, being in fact nothing but a mortgage, it always remained a mortgage, for here applies the maxim, "Once a mortgage, always a mortgage." If, then, appellant has conveyed away the property so that appellee cannot have a reconveyance, he must answer to appellee for the difference, if there is any, between the value of the property and the amount due him from appellee.

Following the authorities above cited, the objections to the complaint are not well taken.

A new trial was asked, and eighty-five reasons were embraced in the motion therefor.

The first and second reasons are that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

It is very earnestly insisted that there is no evidence to sustain several allegations of the complaint, which were necessary to the statement of a cause of action. There is considerable conflict in the evidence; but, inasmuch as there is some evidence to sustain

the verdict, this court cannot consider the evidence for the purpose of determining upon which side it preponderates.

The damages assessed are not excessive. In fact, under the evidence introduced, the jury would have been justified in assessing larger damages. We do not mean to say that a preponderance of the evidence would have justified a larger assessment, but simply that a larger assessment could have been made under some of the evidence.

Reasons from four to sixty-two, both inclusive, relate to the admission of evidence and rulings on motions to strike out parts of the evidence admitted.

In actions of this character, it is settled that all the facts and circumstances attending or surrounding the transaction may be shown, in order to determine whether or not a deed absolute on its face is in fact a mortgage. If, as counsel for appellant contends, no oral testimony can be given which tends to contradict the instrument itself, or to explain the purpose of its execution, no deed absolute on its face could ever be successfully attacked and shown to be a mortgage. The contrary is too well settled to require further discussion.

Without taking up and passing upon each of these objections separately, suffice it to say, we have read the evidence with considerable care, and think the rulings of the court were, in the main, right. Trial courts must, of necessity, be allowed some latitude in the exercise of their discretionary powers in the trial of cases, and if they commit errors which are not harmful, especially when a right result has been reached, their action will not be reviewed by this court.

The remaining reasons in the motion for a new

trial relate to the giving and refusal to give instructions.

The instructions, while copied into the record, are not properly a part thereof. They are not brought into the record by bill of exceptions, neither are they made a part of the record by order of court, nor does the record show that they were ever filed with the clerk as a part of the papers in the cause.' *Steeg* v. *Walls*, 4 Ind. App. 18; *Lockwood* v. *Beard*, 4 Ind. App. 505; *Evansville, etc., R. R. Co.* v. *Weikle*, 6 Ind. App. 340; "In order that instructions may be made a part of the record without a bill of exceptions, the record must affirmatively show that they were filed." *Fort Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind. 100, and cases cited.

Judgment affirmed.

Filed November 19, 1895.

## On Petition for Rehearing.

Ross, J.—It is too well settled, by the adjudications in this State, to admit of doubt, that parol evidence is admissible to show that a deed, absolute on its face, is in fact, by agreement of the parties, simply a mortgage, and while the writer believes the rule a dangerous one and without substantial foundation, this opinion must yield to the adjudications, so far as this case is concerned.

The case of *Wilson* v. *Carpenter*, 62 Ind. 495, which, on its face, is very similar to the case in hand, we think is not conclusive of the question urged on this appeal. Admitting, without deciding, that a deed absolute on its face, but which in truth and fact is nothing but a mortgage, may, by a subsequent agreement, be made effective as a deed of conveyance and vests title in the grantee absolutely, still, it would be a subsequent agreement, coupled with the deed, which must have the legal effect, and not the agreement

alone, and for that reason we cannot see why parol evidence may not still be introduced to show that such deed and subsequent agreement are, in effect, a mortgage rather than an absolute conveyance. As already stated, the writer is unable to see upon what principle the rule is established which permits the introduction of parol evidence to deny the express terms of a deed of conveyance, but the rule is settled, and we think it but fair to hold that such evidence is admissible to show all the facts and circumstances surrounding the transaction, whether with reference to the time the original deed was executed, or at any time when the parties made any agreements with reference thereto. We do not mean to hold that when a contract has been reduced to writing which is free from ambiguity or doubt, that parol evidence is admissible to change or vary its terms, but we simply hold, following the rule established by the authorities, that a deed absolute on its face may be shown by parol evidence to be nothing but a mortgage, and in order to do so, it is proper to prove all the facts and circumstances attending and surrounding the entire transaction.

The petition is overruled.

Filed June 19, 1896.