# THE GREENWOOD BUILDING AND LOAN ASSOCIATION v. STANTON.

[No. 3,608. Filed April 2, 1902.]

MORTGAGES. — *Deed Absolute in Form. — Conveyance by Mortgagee. —* Where a mortgagee, to whom mortgaged real estate has been conveyed on an understanding that the mortgagor might redeem within the year, conveys the real estate within the year of redemption to an innocent purchaser, an action will lie to recover the difference between the value of the property and the amount of the mortgage debt; but where the person to whom the property was conveyed had full notice and knowledge of the agreement, no

title was thereby conveyed, and the proper remedy was an action to quiet title. *pp. 549–554.*

Mortgages.—*Conditional Sale.*—*Deeds.*—An agreement whereby a mortgagor conveyed the mortgaged real estate to the mortgagee by deed absolute upon its face, the mortgagor to have the right to have the real estate reconveyed to her upon the payment of the mortgage debt within a year, did not constitute a conditional sale. *pp. 554, 555.*

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Suit by Bertha Todd Stanton against the Greenwood Building and Loan Association and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*E. A. McAlpin, G. M. Overstreet* and *J. V. Oliver,* for appellants.

*Douglas Dobbins,* for appellee.

Wiley, J.—Appellee sued appellant and others to recover the difference between the value of certain real estate and the amount of a mortgage lien thereon, which real estate she conveyed to appellant, but which deed of conveyance she avers was a mortgage. The complaint avers that on July 2, 1896, she executed to appellant a mortgage on certain real estate to secure the payment of $930, which amount she had borrowed from it; that by the terms of said mortgage it was to be paid in weekly payments running through an indefinite number of years; that if such weekly payments should be suspended for three months the entire sum so secured should become due, and the mortgage might be foreclosed; that on September 20, 1897, appellee was, by appellant, through its officers, induced to convey said real estate to it by a deed of conveyance which was absolute on its face, but in fact only intended further to secure said mortgage; that at the time of said conveyance appellee was not indebted to said association in any sum except as shown by said mortgage; that she was a widow, having had no experience in business, and had no one to advise her; that the secretary of appellant association urged and requested appellee to execute said deed; that though said deed

expressed the consideration therefor as $1,150, the same was without consideration, and the amount specified therein pretended to represent only the amount due appellant on said mortgage at that time; that at the time of said pretended conveyance it was agreed between the parties thereto, and a memorandum to that effect was duly entered upon the minutes of appellant by order of the board of directors, that appellee should have the right to redeem said property and have the same reconveyed to her at any time upon the payment of the amount due appellant by the terms of said mortgage; that on October 27, 1898, appellant collusively and fraudulently, with the design of depriving appellee of her rights, entered into an arrangement with its own secretary, one Grubbs, and conveyed said property to him at and for the sum of $969.60, which represented the amount due upon said mortgage at that time; and that said Grubbs has since conveyed said real estate to an innocent purchaser. It is further charged that the real estate so conveyed and mortgaged by her was of the value of $1,500; that the amount appellee owed appellant was less than $1,000. The prayer of the complaint is that appellee recover from the appellant the sum of $500, that being the difference between the actual value of the property and the amount due the association upon the mortgage at the time of the commencement of the action. The president, secretary, and treasurer of the association were made defendants, but they each demurred to the complaint, and their demurrers were sustained. The cause proceeded to final judgment between appellant and appellee upon the issues joined by an answer in denial. The court made a special finding of facts and stated its conclusions of law thereon. Judgment in favor of appellee for $313. Exceptions were reserved to the conclusions of law. By the assignment of errors appellant questions the overruling of the joint demurrer of all the defendants below, and the correctness of the conclusions of law.

The objections urged to the complaint are not well grounded. The deed of appellee to appellant, as shown by the facts pleaded, while absolute upon its face as between the parties, was in legal effect nothing but a mortgage. Being a mortgage, it remained a mortgage, for here the maxim applies: "Once a mortgage, always a mortgage." The complaint shows a contract between the parties by which appellee was to have the right to redeem from the mortgage by paying the amount due from her to appellant, and upon such payment the latter was under obligations to reconvey to her. By parting with the title by deed, to an innocent purchaser, appellant put it beyond its power to reconvey, and thus violated its contract. This rendered it liable to appellee for the difference between the value of the property and the amount she was indebted to appellant. This conclusion is in harmony with the rule declared by this court in the case of *Loeb* v. *McAlister*, 15 Ind. App. 643.

The facts specially found are as follows: That on July 2, 1896, appellee executed to appellant a mortgage on certain real estate to secure the payment of $930 which she had borrowed of it; that said mortgage provided that she should pay to appellant each week, in dues, premiums, and interest, the sum of sixty-five cents on each share of stock owned by her in said association, together with an assessment of five cents per share for expenses, payable quarterly, and all other assessments and fines which might be assessed against said shares of stock; that the mortgage provided that upon failure to pay said dues, etc., for thirteen weeks, the mortgage should be deemed forfeited, and might be at once foreclosed; that for a period of fifty-seven weeks prior to September 20, 1897, appellee failed to pay said dues, etc.; that said mortgage was duly recorded; that on September 20, 1897, at the request of appellant, appellee executed it a deed, absolute on its face, to said real estate, upon a parol agreement that if she would execute said deed it should not go of record until the end of forty-five days, and that if she

paid all delinquencies during that time the deed should be of no avail and she should have one year from the forty-five days to redeem the property; that the amount of the indebtedness was not at that time definitely known, but should be inserted in the deed later, and that when she paid her indebtedness the property was to be reconveyed to her; that at the end of forty-five days said deed was duly recorded, and the consideration of $1,150 inserted therein; that on the 27th day of October, 1898, appellant executed to James T. Grubbs a warranty deed for said real estate; that on the — day of ———, 1899, said Grubbs and his wife conveyed in trust said real estate to S. E. Wright for the sole purpose of having the same reconveyed to said Grubbs and wife as tenants by entireties, and that said Wright immediately thereafter conveyed said property to Grubbs and wife; that on and prior to said 27th day of October, 1898, said Grubbs and his wife had full notice and knowledge of the terms of the agreement upon which appellee conveyed to appellant said real estate; that the market value of said real estate on October 27, 1898, was $1,200; that the amount due and owing to appellant from appellee on said date was $911.61; that on said date there was due appellee from appellant the sum of $288.39, with six per cent. interest to date of finding, making in all $313; and that said Grubbs was secretary of said association during the month of October, 1898. As conclusions of law, the court stated, (1) that said deed from appellee to appellant was a mortgage, and (2) that appellee was entitled to recover of appellant $313.

To entitle appellee to recover, under the averments of her complaint, two material and important facts must appear: (1) That the instrument executed by her on September 20, 1897, to appellant was, in fact, a mortgage; and (2), that by reason of the conveyance by appellant to Grubbs, and the subsequent *mesne* conveyances, she has been deprived of her right to redeem. To have lost her right to redeem, it was essential that the court should find

as a fact that by such conveyances the title now reposes in innocent purchasers. It is clear that James T. Grubbs could not be an innocent purchaser. He was an executive officer of the association, and chargeable with knowledge of all the facts. But this question, by the finding of the court, is removed from the domain of doubt, for it is found as a fact that both Grubbs and his wife, in whom the title now vests, had full notice and knowledge of the terms of the agreement upon which appellee conveyed the real estate to appellant.

The deed to Wright in trust did not convey to him any title, for he was not a *bona fide* innocent purchaser for value. He took the conveyance for the express and sole purpose of reconveying the property to Grubbs and wife as tenants by entireties. He was a mere trustee. Under §3403, Burns 1901, no title vested in him. He had no right of possession and no control over the real estate except to reconvey the same to Grubbs and wife. In such case the law puts the legal title at once in the beneficiary. *Myers* v. *Jackson*, 135 Ind. 136-142. It follows from this that Grubbs and wife, the present holders of the paper title, stand in the relation of assignees of appellant's interest in the real estate, and hence appellee's rights have not been changed or affected. Devlin on Deeds, §1141, says: "Where a purchaser has knowledge or notice of the true state of the title, his deed is only an assignment of the grantee's interest in the property." In Jones on Mortgages, (4th ed.) §340, it is said: "If a purchaser take a conveyance from the grantee, with a knowledge that the grantor claims an interest in the property, he takes it charged with the same equities with which it was charged in the hands of the mortgagee." *French* v. *Burns*, 35 Conn. 359.

The right of redemption is cut off by a conveyance from the grantee to a *bona fide* purchaser for value, and without notice, and such *bona fide* purchaser holds the land free from the equity. *Brophy Min. Co.* v. *Brophy, etc., Co.*, 15 Nev.

101; *Pancake* v. *Cauffman*, 114 Pa. St. 113, 7 Atl. 67; *Frink* v. *Adams*, 36 N. J. Eq. 485.

But the right to redeem still continues against a purchaser from the grantee with notice. *Graham* v. *Graham*, 55 Ind. 23. If the instrument, though a deed absolute on its face, is shown to be a mortgage, it will be treated as a mortgage as against all those deriving title from or under the original trustee who are not *bona fide* purchasers for value and without notice. *Kitts* v. *Willson*, 130 Ind. 492, at p. 499, and authorities there cited. In such case the grantee may maintain an action for the foreclosure of the grantor's equity of redemption, and the grantor may maintain an action to redeem and to compel a reconveyance upon his payment of the debt secured. Pomeroy's Eq. Jur. §1196, and authorities cited. In the case of *Graham* v. *Graham*, *supra*, it was said: "If the conveyance from John J. to Phanuel Graham was intended as a mortgage, it would seem that nothing whatever passed to the plaintiff by the deed from Phanuel to her, she having notice of the facts, and the debt not having been assigned to her."

Under the facts found, and upon the authorities cited, Grubbs and wife took the paper title to the real estate in question charged with any equity appellee had in it, for they stand in the place of the appellant, and acquired no greater rights than it possessed. Appellee has not been deprived of her right to redeem by the conveyances which placed the paper title in them.

It is urged by appellant that the transaction between it and appellee by which she conveyed by deed, absolute upon its face, the real estate to it, constituted a conditional sale. This position does not find support in the authorities. To constitute the conveyance a conditional sale, it must appear that the debt owing to appellant from appellee was thereby extinguished. The special finding of facts shows that the debt was not extinguished, for appellee was given the right to pay it and have reconveyed to her the land.

See *Voss* v. *Eller*, 109 Ind. 260, at p. 264, and authorities there cited.

Under the facts in this case there is no doubt but what the instrument executed by appellee to appellant, September 20, 1897, must be regarded as a mortgage. This being true, and the title not having passed to innocent purchasers, for value, without notice, but to the present holders of the paper title, with notice, appellee has not been deprived of any right she had, under the conveyance, as against appellant. It would seem that she has mistaken her remedy.

Judgment reversed, and the court below is directed to restate its conclusions of law in harmony with this opinion and render judgment against the appellee.