## POLLARD v. PITTMAN.

[No. 5,612.   Filed March 15, 1906.]

1. APPEAL AND ERROR.—*Overruling Demurrer to Paragraph of Answer.—Facts Provable under Another.*—The overruling of a demurrer to a paragraph of answer is not available error on appeal where the facts contained therein are provable under another paragraph which is not questioned.   p. 479.

2. SAME.—*Right Result.*—Overruling a demurrer to a paragraph of answer is not reversible error where, under the facts established under another paragraph, plaintiff was not entitled to recover.   p. 479.

3. CONTRIBUTION. — *Sureties. — Bills and Notes.* — Where three sureties pay an equal amount of the debt for which they are jointly liable there can be no contribution.   p. 479.

4. BILLS AND NOTES.—*Sureties.—Payment.—New Notes.—Consideration.*—Where three sureties, at different times, paid equal amounts on their principal's note, each taking the principal's note with his cosureties on the original note as sureties on such new note, there was no consideration for such new notes, their legal effect being to evidence such payments.   p. 480.

5. SAME.—*Sureties.—Contribution.—Refusal of One to Assist in Recovering.*—Where three sureties on a note pay equal amounts thereon, taking an indemnifying mortgage from their principal, and they subsequently agree to enforce such mortgage, and in a suit in the trial court they are only partially successful, and one of them refuses to appeal, such one can not claim contribution where the others successfully appeal such case and receive their indemnity.   p. 480.

From Superior Court of Vanderburgh County; *James T. Walker,* Special Judge.

Action by William S. Pollard against Charles E. Pittman and others. From a judgment for defendant Pittman, plaintiff appeals. *Affirmed.*

*J. E. Williamson,* for appellant.

*James G. Owen* and *Logsdon, Chappell & Veneman,* for appellee.

WILEY, J.—Action by appellant against appellee and others upon a promissory note. Issues were joined by answer and reply. Trial by the court, resulting in a find-

ing and judgment for appellee. Appellant's demurrer to the third and fifth paragraphs of answer was overruled, as was also his motion for a new trial, and these rulings are the only errors assigned. .

Counsel for appellant suggests in his brief that the same legal questions are presented by the ruling of the court upon the demurrer to the third and fifth paragraphs of the answer as those presented by the motion for a new trial, and that for this reason they may be considered jointly.

The note sued upon was for $500, and was executed April 17, 1888, and became due six months after date. The interest rate fixed in the note was eight per cent, and the complaint avers that the interest was paid to April 17, 1897. A succinct statement of the material facts disclosed by the record is important before taking up the questions for decision. On December 14, 1885, appellant, appellee and four others became sureties for the First Avenue Coal Mining Company, on a note for $3,000, payable to the People's Savings Bank of Evansville. Subsequently the mining company paid on the note $1,500. On February 11, 1888, the mining company executed to all of the sureties on that note a mortgage upon all of its real and personal property to indemnify them from any loss. April 17, 1888, appellant paid $500 on said indebtedness of the mining company, and took back from it a note for that amount, with his other cosureties as sureties thereon. April 23, 1889, Cicero Buchanan, one of the sureties, paid a like amount, and took back from the company a like note. January 9, 1892, appellee paid a like amount in full discharge of said indebtedness, and received from the company a like note for that amount. In 1896, one McWilliams and others filed a suit in the Superior Court of Vanderburgh County against said mining company, and all of said sureties, to enforce liens as laborers and miners for wages. Such proceedings were had that a receiver was appointed for said company to wind up its affairs, which receiver

sold all of the tangible property of the mining company and applied the proceeds thereof to discharge liens, etc. Before the beginning of this suit, Buchanan, one of the sureties, died, and his administrator was made a party. On March 27, 1896, appellant, appellee and the administrator of the Buchanan estate, filed their cross-complaint in said receivership proceedings, predicated upon said notes, and for the enforcement of the lien of said indemnifying mortgage. They subsequently filed an amended cross-complaint, to which the receiver filed an answer in three paragraphs. Upon the trial of the issues thus made appellee recovered a judgment for the amount due upon his note and for the enforcement of the lien of said mortgage. The finding and judgment, however, against appellant and the administrator of Buchanan's estate were against them on the ground that their claims were barred by the statute of limitations. Bray, as administrator, appealed to the Supreme Court from that judgment, and succeeded in securing a reversal, and a direction to the trial court to restate its conclusions of law on the special findings, and render judgment in favor of the administrator for the amount due on the note. Appellant refused to join in said appeal, but elected to abide by the judgment rendered against him. At about the time of the bringing of the McWilliam's suit, appellant, appellee and Bray, as administrator, etc., entered into an agreement to the effect that they would together pursue their legal remedy by suit to its utmost limit, and enforce the lien of their said mortgage on the property of said company; that they would pursue their said claims and rights under the mortgage in and through the courts, and would carry their said suit, if necessary, to the court of last resort in their effort to collect their said claims and save themselves harmless by reason of their said suretyship.

The third paragraph of answer sets out in detail all of the above facts, and the pleading is builded upon the theory of *res judicata*. The theory of this paragraph is that in

the McWilliam's suit and upon the issues joined and tried on the cross-complaint in which appellant, appellee and Bray, administrator, joined, as cross-complainants, the respective rights of the parties were adjudicated. The fifth paragraph counts upon the same facts substantially, but they are pleaded by way of estoppel. From the view of the law we have taken, applicable to the facts in this case, we deem it wholly unnecessary to make further reference to the many facts pleaded in the third and fourth paragraphs of answer.

While no question is raised as to the sixth paragraph of answer, yet it is important to state the facts upon which it is based; for upon such facts the rights of the parties may be finally determined. The paragraph avers in detail all of the material facts to which we have above adverted, relating to appellant, appellee and Bray, administrator, etc., and of the amounts paid by them respectively. It also makes averments in regard to the indemnifying mortgage, the appointment of a receiver, and the winding up of the affairs of the mining company; that in the McWilliams receivership proceedings, appellant, appellee and Bray, administrator, entered into an agreement whereby they mutually agreed to file a cross-complaint in said proceedings, based upon the notes given them as evidence of the payments they had made, and enforce their rights under the indemnifying mortgage, and thus save themselves harmless as far as possible; that in pursuance of said agreement they did file such cross-complaint; that issues were joined thereon, and sets out in detail the proceedings, judgment, appeal, reversal of the judgment as to Bray, etc. It is also averred that appellee urged appellant to join in said appeal, which he declined to do, and that if he had kept his agreement and appealed from said judgment he would have shared equally with appellee and the administrator of Buchanan's estate in the enforcement of their lien against the funds in the hands of the receiver.

There are two reasons why it is unnecessary for us to pass upon the sufficiency of the third and fifth paragraphs of answer: (1) Because all of the material facts averred in either of such paragraphs were provable under the facts averred in the sixth paragraph; (2) because upon the facts averred in the sixth paragraph, which are abundantly established by the evidence, appellant is not entitled to recover in this action. The appellant, appellee, and Buchanan, the three solvent sureties on the original note, each paid an equal amount in satisfaction thereof. Each of them paid his proportionate share at different times, and as each payment was made the mining company gave to the payor its note for the amounts paid, with all the other sureties on the original note as sureties.

It is alleged in this paragraph and there is evidence to support it, that these three notes were given as an evidence of the payments made. It is clear that no new indebtedness was created. The indemnifying mortgage was an equal protection for all the sureties who might be called upon to answer for the default of their principal. The three sureties who did pay stood upon an equality, for they all paid the same amount. The rule is well settled that where one surety pays more than his proportionate share of the debt of his principal he may proceed against a cosurety for contribution. But this rule can not apply here, for each of the sureties paid an equal amount. Here the three sureties had the same remedy against their principal, or rather, against the fund of the principal in the hands of the receiver. Suppose the principal had been wholly insolvent, and there had been no fund upon which their lien could operate. What would have been their relative positions as to the respective rights in the premises? If they had sued each other upon the respective notes which they held there could have been no recovery. Having a legal right to share and share alike in

the fund in the receiver's hands, and having entered into an agreement to assert that right in a court of law, and one of them having elected and refused to protect his rights by an appeal from a judgment against him, can he subsequently recover from one of his cosureties on the original note and also as surety on the note in suit? If so, it would be unfair, unjust and inequitable.

As above stated, when appellant and his cosureties paid the respective amounts they agreed to pay, and the mining company gave to them the $500 notes, no new obligation was created. There was no consideration for the new notes, and they only stood as an evidence of the amounts paid by the three solvent sureties.

The facts averred in the sixth paragraph of answer tendered an issue for determination by the trial court, which facts, if established, are sufficient to bar appellant's right to recover regardless of the sufficiency of the third and fifth paragraphs of answer. There is an abundance of evidence to establish these facts.

The case which Bray, administrator, appealed to the Supreme Court is *Bray* v. *First Avenue Coal Min. Co.* (1897), 148 Ind. 599. The decision in that case fully establishes the respective rights of the three solvent sureties. It was there held that where sureties on a note made payments thereon, and a note executed by the principal to each surety for the amount paid by him, such payments would not be treated as loans to the principal, but as payments on the note upon which they were sureties, and are covered by a mortgage given them by the principal to indemnify them as such sureties. It was also held that in such case the notes given for the amounts paid by the sureties were subject only to the statute of limitations applicable to any notes secured by mortgage. In the course of the opinion it was said: "It was to reimburse the sureties in case they were compelled to make such payment that the mortgage security was given them. This security they

had a right to rely upon, and we do not think the six-year statute of limitations was any bar to their right to recover. The three solvent sureties who had undertaken the payment of the debt to the bank, stood on an equality.    They so recognized one another, and were so recognized by their principal    *    *    *    which gave to each of them its note for the amounts paid by them respectively, and paid to each of them, up to the year 1895, interest on the several notes so given, as evidence of the part of the bank debt which each had been compelled to pay." It is thus made clearly manifest that if appellant had kept his agreement with his cosureties he would have shared equally with them in the distribution of the funds in the receiver's hands which were secured to them by the lien created by the indemnifying mortgage.    In that event neither of them could have complained of the other, and neither of them could have maintained an action for contribution.    Appellant having slept upon his rights, he cannot now pursue the only remaining solvent surety to recover from him upon the note in suit.

The trial court reached a correct result, and by its judgment determined the rights of the parties equitably.    The judgment is affirmed.