## WARD *v.* TUTTLE.

[No. 7,799.    Filed June 26, 1913.    Rehearing denied November 21, 1913.]

1. NEW TRIAL.—*Time for Filing Motion.*—Where the decision of the trial court was rendered on the last day of the term, the filing of a motion for a new trial on the first judicial day of the next succeeding term was a substantial compliance with the act of 1909 (Acts 1909 p. 400), providing that the application for a new trial may be made at any time during the term at which the verdict or decision is rendered, and, if the verdict or decision is rendered during the last ten days of the term, then on the second Monday of the next term, and the right to a consideration of the questions raised by such motion was not lost by reason of its having been filed prior to the day designated in the act. p. 676.

2. DEEDS.—*Deed Executed for Security.*—*Mortgages.*—A deed absolute on its face may be shown to be a mortgage, if given as security for the performance of some act. p. 678.

3. DEEDS.—*Deed Declared to be Mortgage.*—*Evidence.*—Where there was evidence tending to show that deeds were intended merely as mortgages, and that the debts which they were given to secure had been satisfied, it cannot be said that the court's finding against the grantee in such deeds, who sought to have his title quieted, was not sustained by sufficient evidence. p. 678.

4. DESCENT AND DISTRIBUTION.—*Childless Second Wife.*—*Interest in Husband's Realty.*—Under §3019 Burns 1908, Acts 1901 p. 554, if a man die intestate leaving a childless second wife, and children or their descendants by a previous wife are alive, such childless second wife takes only a life estate in the lands of her deceased husband, the fee vesting at once in such children or their descendants by the previous marriage, so that her deed would convey no more than a life estate. p. 678.

5. DESCENT AND DISTRIBUTION.—*Childless Second Wife.—Interest in Husband's Realty.—Lands Embraced in Deed Declared to be Mortgage.*—The grantor in a deed which has only the effect of a mortgage is the owner of the fee in the lands described, and not merely of an equitable interest, so that in the event of his death leaving children or their descendants by a previous wife, his childless second wife will take only a life estate under §3019 Burns 1908, Acts 1901 p. 554, and §3029 Burns 1908, §2491 R. S. 1881, providing that a surviving wife, by virtue of her marital rights, is entitled to one-third of all lands in which her husband had an equitable interest at the time of his death, does not apply. p. 679.

6. APPEAL.—*Review.—Harmless Error.*—Where plaintiff in an action to quiet title was entitled to no interest in the land in suit, he cannot complain of error in quieting title in fee simple in the defendant, who had only a life estate. p. 679.

From Putnam Circuit Court; *James L. Clark,* Special Judge.

Action by Charles W. Ward against Clarence A. Tuttle. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*George A. Knight, Alee & Hughes* and *Reginald H. Sullivan,* for appellant.

*S. A. Hays* and *Mat J. Murphy,* for appellee.

IBACH, J.—This was an action brought by appellant against appellee to quiet title to certain real estate in Clay County, Indiana. Appellee, by his cross-complaint, set up that he was the owner of the real estate described in the complaint. The court found for appellee on the issues joined on the complaint, and also on the issues joined on the cross-complaint found that appellee was the owner in fee simple of an undivided one-third in the value of the real estate in question, that the claim of appellant is unfounded and without right, and that appellee is entitled to have his title quieted.

The sole error assigned in this appeal is the overruling of appellant's motion for new trial, upon the grounds that

the decision of the court is contrary to law, and is not sustained by sufficient evidence.

The court's decision was rendered on October 9, 1909, the last day of the September term, 1909, of the Putnam Circuit Court. Appellant's motion for new trial was filed on November 15, 1909, the first judicial day of the November term, 1909, of the Putnam Circuit Court. The right to file such motion was governed by an act of 1909 (Acts 1909 p. 400) which amended §587 Burns 1908, to read as follows: "The application for a new trial may be made at any time during the term at which the verdict or decision is rendered: *Provided,* If the verdict or decision be rendered during the last ten (10) days of the session of any court, or during the last ten days of any term, then on the second Monday of the next term of such court, whether general, special or adjourned." Appellee contends that the error assigned by appellant cannot be considered, for the reason that appellant did not file his motion for new trial either during the term at which the decision was rendered, or on the second Monday of the next term. Upon mature consideration of this question, we are of the mind that although the motion for a new trial was filed in the court below on the first Monday of the regular term following the term at which the judgment appealed from was rendered, instead of the second Monday of such succeeding term, yet such filing of the motion is a substantial compliance with the statute set out above then regulating the time for filing motions for new trial. At a former consideration of this question, we reached the conclusion that the statute of 1909 was so definite and certain in its provisions that the filing of such a motion on the particular day named would alone be a compliance therewith. We now believe that we were in error in so holding.

The act seems to be somewhat ambiguous in that it does not require that the motion *must* be made on the second Monday of the particular term of court designated, but

that it *may* be made on that day if not made during the term at which the decision was made, and this ambiguity seems to have been recognized by the legislature of 1911 for at that session, the act was amended so that the motion may be made on or before the second Monday of the succeeding term, which, doubtless, was the way the legislature of 1909 intended that the act should be construed. Although the physical act of filing the motion in this case was not done on the second Monday of the term following the date of the judgment, yet, having been filed with the clerk of the court on a day earlier, it was then actually on file on the day fixed by law. This was a substantial compliance with the spirit and intent of the act in force when the motion for new trial was filed. The primary purpose in fixing a time at which a motion for new trial must be made is to prevent delay and an impairment of the rights of the prevailing party through dilatory tactics on the part of the losing party. It does not seem that any harm could come to appellee from the making of the motion for new trial at a time earlier than that permitted by statute, and in the present case, appellee has in no wise shown to the court that he was harmed by this action. We will therefore consider the questions presented by appellant's motion for new trial.

Appellant claims the land in controversy by virtue of a quitclaim deed executed to him in October, 1895, by George C. Benton, and Susan D. Benton his wife, and a warranty deed executed by the same parties in April, 1898. Appellant is a son-in-law of George C. Benton, and one of the executors of his estate. Appellee introduced evidence to show that these deeds were executed to appellant merely to insure the repayment to Editha and Vinette Stevens, wards of Benton, of certain funds of theirs which he had invested for them, and that appellant executed a memorandum agreement by which he promised to reconvey the lands to Benton when the Stevens claims were paid. The evidence showed that the Stevens claims were fully paid. The chief conflict

in the evidence was as to the contents of the memorandum agreement, which had been lost. Appellant admits signing the memorandum, but denied that its contents were as represented by appellee's witnesses.

It is the rule in Indiana that a deed absolute on its face may be shown to be a mortgage, if given as a security for the performance of some act. *Davis* v. *Stonestreet*

2. (1853), 4 Ind. 101; *Tuttle* v. *Churchman* (1881), 74 Ind. 311; *Cravens* v. *Kitts* (1878), 64 Ind. 581; *Laeb* v. *McAlister* (1896), 15 Ind. App. 643, 41 N. E. 1061, 44 N. E. 378; *Kelso* v. *Kelso* (1896), 16 Ind. App. 615, 44 N. E. 1013, 45 N. E. 1065; *Greenwood Bldg., etc., Assn.* v. *Stanton* (1901), 28 Ind. App. 548, 63 N. E. 574.

There was evidence tending to show that the deeds, under which appellant claims, were intended merely as mortgages, and the debts which they were given to secure had

3. been fully satisfied. There could have been stronger evidence as to the existence of the agreement to reconvey, but the evidence is at least such that we cannot say that the decision of the court against the plaintiff upon the issues tendered by the complaint was not sustained by sufficient evidence.

It is also urged that the decision of the court in favor of the appellee on his cross-complaint is contrary to law. We are inclined to think appellant is correct in this con-

4. tention. Appellee claimed title to one-third of the lands described in the complaint because of a deed to him from Susan D. Benton, now deceased, the childless second wife of George C. Benton. By §3019 Burns 1908, Acts 1901 p. 554, which was in force at the time of the death of George C. Benton in 1902, if a man die intestate leaving a childless second wife, and children or their descendants by a previous wife are alive, the childless second wife takes only a life estate in the lands of her deceased husband, and the fee vests at once in the child or children of the previous marriage, subject only to the life estate of the widow. It

was admitted that one child of George C. Benton survived him, and was living at the time of the trial. Such being the case, if Susan D. Benton obtained her rights to the land in controversy under §3019, *supra*, she had no more than a life estate, and her deed would convey no more than a life estate.

But appellee claims that §3029 Burns 1908, §2491 R. S. 1881, controls, which provides that a surviving wife, by virtue of the marital rights is entitled to one-third of all the real estate of which her husband may have been seized in fee simple during the marriage, and in the conveyance of which she may not have joined, and also to one-third of all lands in which her husband had an equitable interest at the time of his death. Appellee's contention is that George C. Benton had an equitable interest at the time of his death in the lands described in the complaint, and therefore his wife, though a childless second wife, is entitled to one-third in fee of this land in which he had an equitable interest. But if, as appellee claims, and as his evidence tends to show, the deeds to appellant had only the effect of mortgages, then George C. Benton at the time of his death was the owner of the fee in the lands described in them, and not merely of an equitable interest. *Sinclair* v. *Gunzenhauser* (1913), 179 Ind. 78, 98 N. E. 37, 100 N. E. 376. Since he was the owner of the fee, his widow would take under §3019, *supra*, as his widow, and not under §3029, *supra*, by virtue of her marital rights, and her deed would be ineffective to convey a fee simple title to appellee.

But, although the court may have erred in its finding in favor of appellee on his cross-complaint, such error could not avail appellant, for, since the court found against appellant on the complaint, and there was such evidence supporting the finding that this court can not disturb it, appellant could not recover in any event, and he cannot complain because the court rendered judgment in favor of appellee, since the court's findings show that he

was not entitled to the land. See, *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619; *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 78 N. E. 182; *Indiana Fuel Sup. Co.* v. *Indianapolis Basket Co.* (1907), 41 Ind. App. 658, 84 N. E. 776; *Pollard* v. *Pittman* (1905), 37 Ind. App. 475, 77 N. E. 293. See cases digested under ''Appeal and Error,'' 1 Ind. Dig. Ann. §1029.

Since there is no error which can affect appellant, this court will not reverse the judgment of the lower court, and will leave the parties where it found them. Judgment affirmed.

NOTE.—Reported in 102 N. E. 405. See, also, under (1) 29 Cyc. 930; (2) 27 Cyc. 991; (3) 27 Cyc. 1010, 1024; (4) 14 Cyc. 75; (5) 27 Cyc. 1148; (6) 3 Cyc. 385. As to dower in mortgaged land, see 5 Am. Dec. 233. As to the right of dower in an equity of redemption, see 12 Ann. Cas. 481; Ann. Cas. 1913 B 1310.