**VAN HORN STATE BANK, Appellant,**

v.

**L. M. BENNETT et ux., Appellees.**

**No. 5927.**

Court of Civil Appeals of Texas.

El Paso.

May 8, 1968.

Rehearing Denied May 29, 1968.

Farris V. Rose, Van Horn, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton, Ray C. Stoker, Jr., Odessa, for appellees.

## OPINION

CLAYTON, Justice.

This is a suit filed by plaintiff-appellant Van Horn State Bank against defendants-appellees, L. M. Bennett and his wife, Martha P. Bennett, seeking recovery on two promissory notes and foreclosure on a deed of trust lien on Presidio County real estate and a chattel mortgage lien on personal property, both of which liens were given to secure the aforesaid promissory notes. Appellees filed their cross-action against appellant alleging the latter had employed unreasonable collection efforts in connection with said notes. The trial court, in its judgment, recites that the defendants stipulated that certain sums were due on the promissory notes, so it granted judgment for plaintiff for $4,851.49 with interest and $485.15 attorney fees, and foreclosure of the deed of trust lien, and also for $5,699.93 with interest and $570.00 attorney fees and foreclosure of the chattel mortgage lien on the notes, respectively. The stipulation as such does not appear in the transcript, nor is there any point of error directed to the judgment in this respect, so we assume it is correct.

The trial court also ruled that, apparently based on the jury's answers to special issues, the appellees, as cross-plaintiffs, were entitled to a credit on the judgment of $7,000.00. Neither the court's charge nor the jury's verdict are included in the record. A motion for judgment non obstante veredicto was filed by appellant, as cross-defendant, which was overruled, and this appeal taken.

In addition to the deficiencies in the record indicated above, there were others. Both appellant's brief and appellees' brief make mention of "an amended cross action" of appellees, but this instrument does not appear in the record. Furthermore, reference is made to the jury's findings in reply to special issues, but this matter cannot be determined by this court for the reason that neither the court's charge to the jury nor the jury's answers thereto in the verdict are included in the record. In the court's judgment in the transcript, reference is merely made to the jury's replies to special issues without giving the substance of the issues to which the replies were made.

In accordance with the provisions of Rule 428, Texas Rules of Civil Procedure, the attorneys of record of the parties to this case, as well as the trial court clerk, were given notice by registered mail of the foregoing, and the attorneys given a period of 30 days within which to correct these deficiencies by supplemental transcript. No response to these notices has been received. Since it is impossible to properly weigh the merits of this appeal without such a supplemental transcript, we are compelled to, and hereby do, dismiss this appeal.

Appeal dismissed.