[No. 13459. In Bank. — September 10, 1890.]

P. B. HEWLETT, Respondent, v. WILLIAM J. PILCHER and DAVID WATSON, Appellants.

FORECLOSURE OF MORTGAGE — EVIDENCE — JUDGMENT SETTING ASIDE CONVEYANCE TO MORTGAGOR — RES ADJUDICATA — PARTIES — PROOF OF TITLE. — In an action to foreclose a mortgage, where it appears that the defendant conveyed the land to one who reconveyed to the mortgagor, a judgment in favor of defendant, to which the mortgagee was not a party, declaring fraudulent and setting aside both conveyances, is not admissible in evidence to show fraud as against the mortgagee, who is not bound by the judgment in any way; and although such judgment is competent to prove title in the defendant at and from the time the judgment was rendered, yet if the plaintiff admits defendant's title from that date, the exclusion of the judgment is not erroneous.

ID. — FRAUD — NOTICE TO MORTGAGEE — PLEADING. — As against such mortgagee, it is necessary for the defendant to allege and prove that the conveyances were fraudulent, and that the mortgagee had knowledge of that fact, or sufficient information to put him upon inquiry; and if the fraud is neither alleged nor proved, no question can arise as against the mortgagee.

ID. — DEED PROCURED BY FRAUD — TITLE — BONA FIDE MORTGAGEE — JUDGMENT DIVESTING TITLE OF MORTGAGOR — LIEN OF MORTGAGE. — A deed procured by fraud conveys the legal title, and a mortgage taken from one to whom the grantee has fraudulently deeded the land is a valid lien upon the land as against the original grantor claiming title to the land under a judgment subsequently recovered, declaring the conveyances void for fraud, if the mortgagee had no notice of the fraud, and was not a party or privy to the judgment, and such judgment could not affect the lien of the mortgagee.

APPEAL — PRESUMPTION AGAINST ERROR — INSTRUCTIONS. — Error must be affirmatively shown by the appellant; and where it does not appear in the record on appeal that instructions given to the jury may not have included the propositions contained in those refused, the presumption is that the instructions given correctly and fully charged the jury as to the law of the case.

ID. — INSTRUCTIONS IN EQUITY CASE — REVIEW ON APPEAL — FINDINGS. — Where special issues are submitted to the jury in an equity case, and the court adopts the findings of the jury and finds on all of the issues, error in giving or refusing instructions is immaterial, as the correctness of the findings may be tested by the evidence, and if erroneous conclusions are drawn from them the question may be presented on appeal.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George D. Shadburne,* for Appellants.

*George R. Williams,* and *James G. Maguire,* for Respondent.

Works, J. — The appellant Watson, being the owner of certain real estate, conveyed the same to one Newstadt, who subsequently conveyed the same to one Pilcher. Pilcher mortgaged the property to the respondent. After the execution of the mortgage, Watson brought an action against Newstadt and Pilcher to set aside the conveyance by him to Newstadt, and the conveyance from Newstadt to Pilcher, on the ground that they had colluded together, and procured the conveyance from him by fraud, and procured a judgment against them setting aside said conveyances. This action was brought by the respondent to foreclose his mortgage, and Pilcher and Watson were made parties defendant. Judgment was rendered for the plaintiff, foreclosing the mortgage, and the defendant Watson appeals from the judgment, and the order denying him a new trial. The answer of Watson denied the material allegations of the complaint, and by way of affirmative defense alleged that he, the defendant, was the owner of the mortgaged property at the time the mortgage was given, and that Pilcher, the mortgagor, had no title thereto. There was no allegation that Newstadt and Pilcher procured the conveyance from the defendant by fraud, but it was averred, in general terms, that the plaintiff took the mortgage for the purpose of defrauding the defendant, that he took the same knowing that the property had been procured from the defendant by fraud, and that the plaintiff had not taken the proper precautions to ascertain the true condition of the title. On the trial the defendant offered in evidence the judgment roll in the case of the defendant against Newstadt and Pilcher, in which

the conveyances above mentioned were declared fraudulent, and set aside. The evidence was objected to and excluded, and this is claimed to have been error. We do not think so. The plaintiff was not a party to that judgment, and was not bound by it in any way. As against him, it was necessary for the defendant to allege and prove that the conveyances referred to were fraudulent, and that the plaintiff had knowledge of the fact, or sufficient information to put him upon inquiry. The fraud was not alleged in the answer, and if it had been, the judgment against Newstadt and Pilcher was not competent to prove it as against the plaintiff. But it is claimed that it was competent to prove title in the defendant. It was competent to prove his title at and from the time the judgment was rendered, but the plaintiff's mortgage· was taken prior to the rendition of the judgment, and the plaintiff admitted the defendant's title from the date of the judgment. Notwithstanding the deed from the defendant to Newstadt was procured by fraud, it conveyed the legal title, and a mortgage taken from Newstadt's grantee would be a valid lien upon the land, as against the claim of the defendant, if the mortgagee had no notice of the fraud, and the judgment subsequently recovered setting aside the deeds could not affect this lien. (*Randall* v. *Duff*, 79 Cal. 115.) It is contended that the findings of the court are contradictory, and that some of them are not sustained by the evidence, but we think otherwise. Certain instructions were asked by the defendant and refused, and certain instructions given which it is claimed were wrong, and this is assigned as error. We are unable to say that these instructions were erroneously refused, conceding that they state the law correctly. It is stated in the bill of exceptions that other instructions were given by the court. For what we know from the record the instructions given may have included the propositions contained in those refused. As the appellant is bound to

show error, and the instructions given are not before us, we must presume that they correctly and fully charged the jury as to the law of the case. Again, this was an equity case. Certain special issues were submitted to the jury, but the court finally adopted the findings of the jury, and found on all of the issues. This being so, the refusal to give instructions is not cause for a reversal of the case. If the findings are not sustained by the evidence, they may be tested by the evidence. If erroneous conclusions are drawn from them, the question may be presented in this court, and in either event, the question whether the court erred in giving or refusing instructions becomes immaterial. (*Sweetser* v. *Dobbins*, 65 Cal. 529.) The question of fraud, discussed by the appellants' counsel, does not arise, for the reason that fraud is neither alleged nor proved. Judgment and order affirmed.

Beatty, C. J., Fox, J., Sharpstein, J., McFarland, J., and Thornton, J., concurred.