Lockwood v. Beard.

No. 309.

## LOCKWOOD v. BEARD.

INSTRUCTIONS.—*Refusal.—Record Must Contain all Instructions Given.*—If all the instructions given are not contained in the record, no questions arising upon the refusal of instructions will be considered ; for it will be presumed that all of those refused containing correct enunciations of the law were fully covered by those given.

SAME.—*Filing.*—In order that instructions may be made part of the record without a bill of exceptions, the record must affirmatively show that they were filed.

EVIDENCE.—*Malicious Prosecution.—Remoteness of Evidence.*—Plaintiff was a stockholder in a corporation, and superintendent of its factory ; and defendant was also a stockholder, and vice-president of the corporation The directors ordered defendant to discharge the plaintiff, which he did. Plaintiff thereafter continued to visit the factory, worked therein without direction, but the managers claimed that he intermeddled with the working men and the affairs of the company. His presence at the factory after his discharge was the basis of a criminal prosecution, and this action was to recover damages occasioned by such prosecution.

*Held,* that the defendant could not prove that the plaintiff's temper and methods were such that, in the opinion of the witness, he was unfit for the position of superintendent, because it was too remote.

From the Steuben Circuit Court.

*W. L. Penfield* and *F. S. Blatner,* for appellant.
*J. W. Baxter* and *R. W. McBride,* for appellee.

CRUMPACKER, J.—Beard sued Lockwood for damages resulting from the alleged malicious prosecution of a criminal action against him by the latter.

It is alleged in the complaint that the defendant maliciously, and without probable cause, made and filed an affidavit before a justice of the peace, charging the plaintiff with forcible entry and detainer, and caused his arrest thereon ;. that afterwards the prosecution was dismissed, and the plaintiff discharged.

The cause was put at issue and tried by a jury. There was a verdict in favor of plaintiff, upon which judgment was rendered. The defendant appeals, and assigns for error the overruling of his motion for a new trial.

The first question argued by counsel for appellant relates to the giving of a certain instruction to the jury by the court of its own motion, and the only point made against the instruction is that it was not applicable to the facts. We have carefully examined the evidence, and conclude that the instruction was fully warranted.

Counsel next complain of the action of the court in refusing two instructions requested by the appellant. All of the instructions given by the court of its own motion are brought into the record by bill of exceptions, but it appears that the court also gave a number of other instructions at the request of appellant, and none of these are in the bill of exceptions. What purports to be the instructions requested by appellant have been copied in the record by the clerk in making up the transcript, but the record does not show that they were filed.

"In order that instructions may be made part of the record without a bill of exceptions, the record must affirmatively show that they were filed." *Fort Wayne, etc., R. W. Co.* v. *Beyerle,* 110 Ind. 100; *Blount* v. *Rick,* 107 Ind. 238. So the instructions given by the court at appellant's request are not in the record. It is an inexorable rule of this court that if all of the instructions given are not contained in the record, no questions arising upon the refusal of instructions will be considered, as it will be presumed that all of those refused containing correct enunciations of the law were fully covered by those given. *Taylor* v. *Wootan,* 1 Ind. App. 188; *Bash* v. *Young,* 2 Ind. App. 297.

The only other question discussed relates to the exclusion of certain evidence offered by appellant.

The evidence showed that appellee was a stockholder and director in the Monitor Manufacturing Company, and had been superintendent of its factory. Appellant was also a stockholder and director in the company, and held the office of vice-president. At a meeting of the board of directors, appellant was instructed to discharge the appellee from the

position of superintendent, which he did. Appellee continued thereafter to visit the factory, and worked therein without direction, and it was claimed by the managers that he intermeddled with the working of the men and the affairs of the company. His presence at the factory after his discharge was the basis of the criminal prosecution. Appellant offered to prove by a competent and qualified witness that appellee's temper and methods were such that, in the opinion of the witness, he was unfit for the position of superintendent. This evidence was excluded, and we think there was no error in this ruling of the court. If the opinion of the witness was competent to prove the fact of appellee's unfitness, such fact was so remote that its exclusion can not be held reversible error.

It could only bear upon the question of malice, and it involves a collateral question, the investigation of which would tend to distract the minds of the jury from the real issue.

The judgment is affirmed.

Filed Feb. 4, 1892; petition for a rehearing overruled April 16, 1892.