JACOB SCHNEIDER V. GEORGE TOMBLING.

[FILED MAY 18, 1892.]

1. **Review:** BILL OF EXCEPTIONS. Where it appears from an inspection of a bill of exceptions that important and material evidence introduced on the trial of the cause has been omitted therefrom, the bill of exceptions will not be considered by this court for the purpose of determining whether the verdict is supported by the evidence.

2. ———: ———. The supreme court cannot review the rulings of the trial court in excluding documentary testimony, where the excluded paper is not preserved by a bill of exceptions.

3. ———: ———. Objections to instructions not considered, for the reason that the charge of the court was not copied into the record brought up.

4. ———: DAMAGES. *Held*, That the damages awarded by the jury are not excessive.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*Wm. L. Browne,* for plaintiff in error.

*A. N. Sullivan, contra.*

NORVAL, J.

This was an action for damages brought by George Tombling for the conversion of a dwelling house claimed by him. There was a jury trial, with a verdict and judgment for the plaintiff below for $40.

In August, 1888, George Tombling erected a small **frame** house, 12x14 feet, on fractional lot 3, in the northeast **quar**ter of the northwest quarter of section 5, township 12 **north,** of range 12, in Cass county. Subsequently, in February, 1889, Jacob Schneider, without Tombling's knowledge or consent, went upon the premises, tore down the building, and converted the lumber to his own use. Both parties claim the building, and the right of possession of the land on which it stood at the time of the alleged conversion, the defendant in error by virtue of a pre-emption certificate issued to him by the receiver of the United States land office at Lincoln, Nebraska, for the land on which the building was erected, and plaintiff in error through a patent from the United States to John Irwin, and a deed from him and wife to Jacob Schneider.

We are unable to pass upon the conflicting rights of the parties to the building, or whether the verdict is contrary to the evidence, for the reason that the bill of exceptions does not contain all the testimony that was submitted to the jury, and upon which they found the verdict. Although the record shows that a patent from the United States to John Irwin and a deed from said Irwin and wife to Schneider, together with several other papers, were introduced in evidence by plaintiff in error on the trial in the court below, yet neither of the originals, nor copies thereof, are incorporated in the bill of exceptions. We therefore

cannot say that the verdict is against the evidence. (*M. P. Ry. Co. v. Hays*, 15 Neb., 224; *Oberfelder v. Kavanaugh*, 29 Id., 427.)

Error is assigned because the court refused to receive in evidence the answer of George Tombling in the case of *Schneider v. Tombling*, then pending and undetermined in the same court. We gather from the brief of counsel for plaintiff in error that the purpose of this testimony was to show that another suit was pending between the same parties, involving the matters in litigation in this action. We cannot review the ruling in question, for the reason that the answer offered in evidence is not a part of the bill of exceptions. In the absence of the pleading, we are unable to determine its competency as evidence.

It is next urged that the court erred in not permitting plaintiff in error to file an amended answer. A sufficient answer to this assignment is, the record does not disclose that leave was asked to amend the pleading, nor is the proposed amendment before us.

Complaint is made to the giving of the first, second, third, and fourth instructions, but, as the transcript contains none of the instructions, they cannot be considered.

It is urged, finally, that the damages are excessive. The evidence shows that 1,497 feet of lumber was used in the building, which was worth $25 per thousand feet, and that it took defendant in error and a carpenter two days to erect the house. H. Elford, the carpenter who assisted with the work, testified that the building was worth from $45 to $50. His testimony is uncontradicted. The damages are not only not excessive, but the evidence would have supported a verdict for a larger sum. The judgment is

AFFIRMED.

THE other judges concur.