[No. 18210.    Department Two.—March 15, 1894.]

LOUIS BRAVERMAN, RESPONDENT, *v.* THE FRESNO CANAL AND IRRIGATION CO., APPELLANT.

NEW TRIAL—STATEMENT—INSTRUCTION—SPECIFICATIONS OF ERROR—AP-
PEAL.—Where an instruction objected to is not embodied in the stat-
ing or substantive part of the statement on motion for a new trial,
but is merely incorporated in the specifications of error, coupled with
the statement that it was given against the objection of the appellant,
it cannot be reviewed upon appeal, there not being a sufficient record to
show that it was given or excepted to.

ID.—OFFICE OF SPECIFICATIONS.—The specification of the particular errors
upon which the moving party will rely, although an essential part of
the statement, is the act of the attorney, annexed to the statement or
bill of exceptions, for the purpose of pointing out particulars in which
errors were committed at the trial.

ID.—SUBJECT MATTER OF SPECIFICATION.—The matters to which any speci-
fications point must be found in the substantive part of the statement or
bill of exceptions, otherwise they cannot be considered.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George E. Church*, for Appellant.

*L. L. Cory*, for Respondent.

FITZGERALD, J.—This is an action for damages caused to plaintiff's vineyard by an overflow of water from the canal of defendant through its alleged negligence.

The case was tried by a jury, with a verdict and judg-
ment for plaintiff. Defendant appeals from the judg-
ment and the order denying its motion for a new trial.

The principal ground relied on by appellant for a re-
versal of the judgment is the alleged error of the court
in giving to the jury, against its objection, a certain in-
struction relating to exemplary damages.

This point, however, cannot be considered, for the
reason that the stating or substantive part of the state-
ment contains no such instruction.

The incorporation of the instruction complained of in the assignment of errors, coupled with the statement that it was given against the objection of appellant, is not sufficient to show that such instruction was given or excepted to.

The specification of the particular errors upon which the moving party will rely, although an essential part of the statement, is, as was said by Mr. Justice Harrison in *People* v. *Faulke*, 96 Cal. 219, " the act of the attorney, annexed to the bill of exceptions after the trial, and for the purpose of pointing out the particulars in which errors were committed at the ·trial. The matters to which such specifications point must be found in the substantive portion of the bill of exceptions, otherwise they cannot be considered."

With reference to the remaining errors complained of it is sufficient to say that they are either immaterial or untenable.

Let the judgment and order be affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.