[No. 1258, January 6, 1910.]

JAMES REAGAN, Appellee, v. EL PASO & NORTH-
EASTERN    RAILWAY    COMPANY    &    EL
PASO AND NORTHEASTERN RAILROAD COM-
PANY, Appellants.

### SYLLABUS.

1.   Before a plaintiff can recover he must prove his case.

2.   Negligence may not be inferred from the mere fact
that stock have been killed ˙ or injured· by a railroad
train. Negligence must be alleged and proved.

3.   It is within the power of persons, under C·. L. 1897,
Sec. 242, whose stock has been injured to shift the burden
of proof to the railroad by a ninety day notice of claim to a
station agent in the county.

Appeal from the District Court for Otero County
before EDWARD A. MANN, Associate Justice. Reversed
and remanded.

W. A. HAWKINS and JOHN FRANKLIN for Appellants.

The burden of proving that the animals mentioned
in the pleadings were killed through the negligence of ap-
pellants was on appellee.   C. L. 1897, secs. 241, 242;
Houston v. Brusk, 29 Atlantic 380 ; State v. Philadelphia
Railway Co., 60 Md. 555; Sheridan v. Foley, 33 Atl. 484;
Lyndsay v. Connecticut & P. R. R. Co., 27 Vt. 643; 21
Am. Enc. of Law, 2 ed. 510.

JOHN E. THOMPSON for Appellee.

No brief.

### OPINION OF THE COURT.

MILLS, C. J.—This is a suit for damages brought
by James Reagan to recover from the El Paso & North-
eastern Railway Co., and the El Paso and Northeastern
Railroad Co., for the killing· of a mare and the injury to

a jack, caused by a train run by the defendants, their agents or servants.

The cause was heard by a jury which returned a verdict for $300.00 in favor of the plaintiff and against the E. P. & N. E. Ry. Co. The railway company filed a motion for a new trial, and on the motion being overruled, took an appeal to this court.

In the motion for a new trial, nine alleged errors are assigned, but we will only consider the second, as the others relate to instructions either given or refused by the court, and as the instructions are not brought up with the transcript, we cannot consider them.

The second error assigned is that the trial court erred in not sustaining appellant's motion for a new trial, because the evidence in the case does not show that the mare was killed or the jack injured by the defendants or either of them, or by their or either of their servants, agents or employees, and that the only evidence upon this fact tends to show that the mare was killed and the jack injured by the El Paso and Southwestern Railway Co.

We have carefully examined the record before us in this case and can find no evidence to show that the mare was killed or the jack injured by the defendant companies or their servants, agents or employees. There is nothing in the record to show that the El Paso & Northeastern Railway Co., or the El Paso & Northeastern Railroad Co., either owned or operated the railroad where it is alleged the accidents to the animals occurred. What little evidence there is concerning this point shows that the mare was killed and the jack injured by the El Paso & Southwestern Railroad Co., and not by the defendant companies. The witness McCallum who testified for the plaintiff, on page 38, of the Transcript, says:

"Q.  What railroad are you connected with?
A.  El Paso & Southwestern.
Q.  Is that this railroad running through here?
A.  Yes, sir.
Q.  And the only one running through here?
A.  That is the only one I see."

And the witness Wahlenburg also a witness for the

plaintiff, testified as shown on page 52 of the transcript, that he was working for the El Paso and Southwestern Railroad, under Mr. McCallum, the witness referred to above.

With the exception of this testimony the record is absolutely silent as to who owned or operated the railroad and the trains run thereon at the places where the jack was injured and the mare killed.

It is an elementary principle of law which needs no citation of authorities to support it, that before a plaintiff can recover he must prove his case. In ejectment he must prove his right to the possession of the land sought to be recovered and locate it on the ground; in replevin he must identify the property sought to be recovered and his right to its possession; in assumpsit he must prove the debt and also that the defendant is liable, and in actions sounding in tort he must prove the injuries complained of and also who committed them.

In the case at bar the plaintiff has not done this. He has proved that the jack was injured and the mare killed, but the record does not disclose that it was done by the defendant companies or by either of them. There is no evidence in the record to sustain the judgment against the El Paso & Northeastern Railway Company.

But even assuming that the defendant company caused the injury complained of, we find it necessary to reverse the cause upon another ground, to-wit, the total lack of proof that the injury was due to any negligence of the defendant. Negligence may not be inferred from the mere fact that stock have been killed or injured by a railroad train. Negligence must be alleged and proved. This was settled by the decision of this court in A. T. & S. F. Co. v. Walton, 3 N. M. 530. True, it is under C. L., sec. 242, as construed by this court in P. V. & N. E. Ry. Co. v. Cazier, 13 N. M. 131, within the power of persons whose stock has been injured to shift the burden of proof to the railroad by a ninety day notice of claim to a station agent in the county. But there is no showing that such was done in this case. The case therefore is subject to the general rule laid down in the

Walton case and tested by that, the proofs fail to show negligence and thus fail to establish liability.

The cause is for the foregoing reasons reversed and remanded.

Associate Justice Cooley took no part in this decision.