[Civ. No. 1280. First Appellate District.—November 5, 1913.]

SARAH E. MOORE, Respondent, v. MARY E. GILSON, and MARY E. GILSON, as Executrix of the Will of Rufus K. Gilson, Deceased, Appellant.

APPEAL—REVIEW OF CONFLICTING EVIDENCE IN SUIT TO QUIET TITLE.—Where the evidence in a suit to quiet title is conflicting as to whether a deed was intended to be delivered, and also as to whether it was intended merely as a mortgage, the findings of the jury will not be interfered with on appeal.

ID.—STATEMENT OF CASE—ASSIGNMENT OF ERROR AS TO INSTRUCTIONS.—Where the transcript on appeal discloses that the instructions of the court have not been embodied in the statement of the case, and that no specification of error in the giving of instructions has been made in the statement, the argument of the appellant as to error in such instructions cannot be considered by the appellate court.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order refusing a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

David C. Clark, and Carl E. Lindsay, for Appellant.

Benj. K. Knight, for Respondent.

RICHARDS, J.—This is an action to quiet title to a lot in the city of Santa Cruz. The complaint is in the usual form. The defendants appeared by answer, denying title in the plaintiff, and also by cross-complaint, setting up title in decedent Rufus K. Gilson at the time of his death.

Upon the trial the plaintiff presented a deed of the lot in question from said Gilson to her, executed and claimed by her to have been delivered prior to his death. With respect to the execution of this deed there is no dispute; but with respect to its delivery, and the intention of the defendant Gilson, at the time he handed it to the plaintiff, as to whether it was to pass from his control; or, as to whether it was intended to be merely a mortgage for money due by him to the plaintiff, the evidence is clearly conflicting. The jury resolved these sub-

stantial conflicts in the evidence in favor of the plaintiff, and with its discretion in that respect it is not our province to interfere.

The appellants further contend that certain instructions said to have been given by the court to the jury are erroneous in the respects pointed out in the briefs of their counsel. The transcript discloses that the instructions of the court were not embodied in the statement of the case; and further discloses that no specification of error on the part of the court in giving any of its instructions was therein made. For each of these reasons the argument of counsel for the appellants as to said erroneous instructions cannot be considered upon this appeal. (*Paris* v. *Raynor*, 76 Cal. 647, [18 Pac. 788]; *Matthews* v. *Jones*, 92 Cal. 563, [28 Pac. 597]; *Braverman* v. *Fresno C. & I. Co.*, 101 Cal. 644, [36 Pac. 386]; *Southern Pacific Co.* v. *Superior Court*, 105 Cal. 84, [38 Pac. 627]; *Kelly* v. *Ning Yung Ben. Assoc.*, 2 Cal. App. 460, [84 Pac. 321].)

No error appearing in the record the judgment and order denying the defendants' motion for a new trial are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.