**TOWN OF LINDSAY, Texas, Appellant,**

v.

**COOKE COUNTY ELECTRIC COOPERATIVE ASSOCIATION, Appellee.**

**No. 17376.**

Court of Civil Appeals of Texas, Fort Worth.

March 23, 1973.

Rehearing Denied April 20, 1973.

---

Saner, Jack, Sallinger & Nichols, and H. Louis Nichols, Dallas, and Sullivant & Harris, and Belvin R. Harris, Gainesville, for appellant.

Stark & Barnhart Attorneys, Inc., and Richard S. Stark, Gainesville, for appellee.

## OPINION

LANGDON, Justice.

This suit was brought by the Town of Lindsay to require the Cooke County Electric Cooperative Association to remove its facilities, equipment and property from the public rights-of-way, streets, roads or alleys within the incorporated limits of the Town of Lindsay. The Town of Lindsay was incorporated in 1959. Ten years after such incorporation, in 1970, the Town of Lindsay requested the Cooke County Electric Cooperative Association to remove its lines and equipment from the public streets and alleys of the Town because it did not

have a franchise from the City authorizing it to use such public streets and alleys. The Town alleged that the defendant Electric Cooperative had not been granted a permit or franchise to maintain its lines and equipment on the public streets and alleys. The defendant Electric Cooperative contended that it had been granted a franchise and was authorized to maintain its lines and equipment within the Town. The case was tried to a jury, and based on jury verdict the trial court denied plaintiff any injunctive relief, and further enjoined the plaintiff from interfering with or impairing the rights of defendant Electric Cooperative Association to operate under the ordinance granting a franchise to the Electric Cooperative. This appeal by the Town of Lindsay is from that judgment and is based upon eight points of error.

We affirm.

By its first two points the appellant asserts that the trial court erred in overruling its motion for judgment non obstante veredicto and its motion for judgment because under the undisputed evidence it was entitled to judgment as a matter of law. Points three and four are based on no evidence and insufficient evidence.

By its points five and six the appellant contends the court erred in overruling its motion to disregard the jury's answers to special issues Nos. 1 and 2 respectively because the same had no support in the evidence and were contrary to the great weight and preponderance of the evidence. By its seventh and eighth points appellant contends the court erred in overruling its objections to the submission of special issues Nos. 1 and 2 because of all of the reasons stated in such objections. Appellant says these points (7 and 8) are germane to paragraph 1 of the amended motion for new trial. Paragraph 1 of the amended motion for new trial states that "The Court erred in overruling Plaintiff's objections to the Court's Charge to the Jury for the reasons set forth in said

Objections, to which reference is here made for all purposes." "Plaintiff's objections and exceptions to the court's charge", consisting of three typewritten legal-sized pages, were filed with the District Court at 10:00 A.M., on April 5, 1972. The trial was had on April 3, 1972.

Rule 272, Texas Rules of Civil Procedure provides in part that, ". . . The requirement that the objections to the court's charge shall be in writing will be sufficiently complied with if such objections are dictated to the court reporter in the presence of and with the consent of the court and opposing counsel, before the reading of the court's charge to the jury, and are subsequently transcribed and the court's ruling and official signature endorsed thereon and filed with the clerk in time to be included in the transcript. . . ."

The court's official signature is not affixed or endorsed on the "plaintiff's objections and exceptions to the court's charge."

Because of its failure to comply with the provisions of Rule 272 the said objections to the charge "shall be considered as waived" by the appellant.

■ Additionally the transcript does not contain a copy of the court's charge and verdict of the jury. This deficiency alone would prevent a determination by this court of the merits of the points of error directed at the court's charge. Van Horn State Bank v. Bennett, 428 S.W.2d 468 (El Paso Civ.App., 1968, writ dism.).

In the absence of the court's charge and verdict in this record, we are unable to determine the issues presented by appellant's points seven and eight.

This appeal then is confined to no evidence and insufficient evidence points. In considering these points we have carefully reviewed the entire record in this cause.

It is undisputed in the record before this court that on March 24, 1960, Michael E. Sloan, the manager of the appellee Cooperative, at the request of a member of the Lindsay Town Council, the appellant herein, appeared before the Council with a franchise ordinance prepared by Mr. Cecil Murphy, attorney for the Cooperative. The appellant passed the franchise ordinance prepared by the attorney for the Cooperative voting "to accept the 50 year contract that was offered." It is undisputed that the ordinance was passed by appellee's City Council by an unanimous vote. The ordinance was signed by the appellant's Mayor and attested to by its secretary. The ordinance grants the appellee the franchise to use the streets, alleys and public areas and to provide electrical service to the inhabitants of the Town of Lindsay for a period of fifty years from March 24, 1960. It further provides that the appellee shall pay annually two per cent of its gross receipts earned in the preceding year, payable on April first of each year during the term of the franchise, the first payment being due on or before April 1, 1960. Paragraph 8, the last paragraph of the ordinance granting the franchise, provides that "The Electric Cooperative Association shall file its written acceptance of this franchise within thirty (30) days after the passage of this ordinance, and this ordinance shall take effect and be in force from and after its passage, approval and acceptance."

■ The only question involved in this lawsuit is whether or not the Electric Cooperative (appellee) filed its written acceptance. The evidence on this point was disputed. A fact issue was presented by the evidence. The jury resolved this issue against the appellant, Town of Lindsay. There is ample evidence in the record to support the answers of the jury which are recited in the judgment of the court and the judgment based upon such answers. The answers of the jury are not against the great weight and preponderance of the evidence. No useful purpose can be served by recounting the evidence introduced by the parties to this suit. We have carefully considered each point of error raised on this appeal and hereby overrule each and all of them.

Affirmed.