621 P.2d 1133

**Anthony TRUJILLO, Plaintiff-Appellant,**

**v.**

**Priscilla BALDONADO,
Defendant-Appellee.**

**No. 4617.**

Court of Appeals of New Mexico.

Dec. 18, 1980.

William S. Ferguson, Levy, White, Ferguson & Grady, P. A., Albuquerque, for plaintiff-appellant.

Ranne B. Miller, Alice Tomlinson-Lorenz, Miller, Stratvert, Torgerson & Brandt, P. A., Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The verdict was for defendant in this automobile accident case. Plaintiff's appeal complains of two instructions. We discuss (1) whether the instructions can be reviewed; (2) whether the facts justify giving the instructions; and (3) evidence of negligence as negating a sudden emergency instruction.

### Whether the Instructions Can be Reviewed

■ The two instructions pertain to sudden emergency and an excuse for violating an ordinance. Plaintiff did not request a complete record, see R.Civ.App. 7(e), and did not request that the jury instructions be included in the record on appeal, see R.Civ. App. 7(a). The instructions are not before us and this Court has not called for the district court record under R.Civ.App. 8(c). We need not consider R.Civ.App. 8(d) in holding that the instructions are before us for review.

The transcript of the conference settling the instructions shows that the trial court expressly stated that it would give U.J.I. Civ. 11.2. That is the approved instruction on excuse for violating an ordinance. The transcript also shows that plaintiff objected to the giving of U.J.I.Civ. 13.14 on sudden emergency; the trial court ruled that "I'm going to give this instruction", and subsequent discussion as to where U.J.I.Civ. 13.14 should be inserted among other instructions. The only showing is that U.J.I.Civ. 11.2 and 13.14 were to be given and the parties do not claim they were not given.

■ Where the appellate transcript shows the giving of an approved instruction, review of the propriety of giving the instruction will not be denied because the instruction is not physically included in the appellate record. We can ascertain the contents of the instruction by reading it. In this case, we are informed of the contents of the two challenged instructions by reading them in Judicial Pamphlet 18, N.M.S.A. 1978.

### Whether the Facts Justify Giving the Instructions

■ The evidence is that the accident happened when defendant's vehicle crossed the center line of the road and collided with plaintiff's vehicle. Plaintiff recognizes that if a sudden emergency instruction was justified under the facts, then the excuse instruction was also justified. Thus, we limit our discussion to sudden emergency.

There is evidence that it had snowed in Albuquerque the day before the accident. Defendant traveled from Bernalillo to Albuquerque on the freeway, which was dry. She left the freeway at Osuna Road and, while traveling on Osuna, encountered patches of ice. Because of this she reduced her speed.

Defendant turned off Osuna onto North Fourth Street, encountered more patches of ice and reduced her speed more.

There is evidence that while traveling north in the curb lane of Fourth Street at a speed between 5 and 15 m. p. h., and while looking for a way to leave the road, defendant encountered a sheet of ice. Upon encountering the ice sheet she may have hit the curb and she may have applied her brakes. Regardless, defendant's car went into a slide upon encountering the ice sheet and slid across the road striking plaintiff's car. The emergency occurred when defendant encountered the ice sheet; her action in this emergency was the basis for requesting the sudden emergency instruction.

U.J.I. Civ. 13.14 defines sudden emergency in terms of sudden and unexpected peril.

Plaintiff contends the sudden emergency instruction should not have been given because the peril (the ice sheet) "was not sudden"; that "the existence of snow or ice on the road did not present a sudden ... peril." This argument disregards the distinction in the evidence between encounter-

ing patches of ice and a sheet of ice. Whether the peril was sudden was a question of fact. Compare *Delgado v. Alexander*, 84 N.M. 456, 504 P.2d 1089 (Ct.App. 1972), aff'd, 84 N.M. 717, 507 P.2d 778 (1973).

Plaintiff also contends that, as a matter of law, the emergency resulting from encountering the ice sheet should have been anticipated (thus, not unexpected), and because the emergency should have been anticipated the sudden emergency doctrine cannot apply. See opinion of Judge Sutin in *Martinez v. Schmick*, 90 N.M. 529, 565 P.2d 1046 (Ct.App.1977). The evidence does not permit a holding, as a matter of law, that the ice sheet was to be anticipated in this case. The evidence is that defendant encountered an "all ice" condition only at a ditch at some unidentified point in her travel and there is no evidence that the accident happened anywhere near a ditch; rather, the accident happened on a level stretch of paved road. What defendant can be held to anticipate, under the evidence, is patches of ice, not an ice sheet covering the road. The trial court ruled that defendant "was confronted with unexpected peril." Our view is that it was a question of fact. Compare *Stehwein v. Olcott*, 78 N.M. 95, 428 P.2d 634 (1967).

There was a factual basis for the sudden emergency instruction.

*Evidence of Negligence as Negating a Sudden Emergency Instruction*

In *Williams v. Cobb*, 90 N.M. 638, 567 P.2d 487 (Ct.App.1977), Judge Lopez stated:

> Even if we were to agree that there was an emergency, there was evidence the emergency was caused by the defendant's negligence; therefore, he cannot take advantage of a sudden emergency instruction.

Because there was evidence of defendant's negligence, plaintiff, relying on the above quotation, contends the sudden emergency instruction should not have been given.

There are two answers to this contention.

First, Judge Lopez' language was not joined in by other members of the panel, and his view was not an opinion of this Court. *Casias v. Zia Co.*, 94 N.M. 723, 616 P.2d 436 (Ct.App.1980).

Second, the correct view is stated in *Martinez v. Schmick*, supra, as follows:

> As we stated in a recent opinion, the fact that the party relying on the doctrine *may* have contributed by his negligence to causing the emergency does not preclude giving the sudden emergency instruction. It is ordinarily a question of fact for the jury whether the negligence of the party contributed to causing the emergency. If the jury finds such negligence, it does not apply the emergency doctrine; if it finds no such negligence, it goes on to apply the emergency doctrine.

See opinion of Judge Hernandez in *Williams v. Cobb*, supra. The evidence of defendant's negligence did not bar a sudden emergency instruction. Judge Lopez' language in *Williams v. Cobb*, supra, quoted above, is not to be followed because it is an incorrect statement of the law.

The judgment for defendant is affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, J. (specially concurring).

SUTIN, Judge.

Plaintiff appeals an adverse judgment arising out of an automobile collision.

On Monday, January 10, 1977, at about 3:00 p. m. defendant was driving north on Fourth Street in Albuquerque, in about the 6000 block. It had snowed that week-end and the street was icy. As defendant approached the area of the accident, the street was a sheet of ice. She wanted to get off the street on the right hand side. She was not apprehensive and did not panic. She looked straight ahead and used her own judgment. She drove slowly at an estimated speed of not more than 15 mph and probably tapped her brakes when the car was on the sheet of ice. The next thing she knew was that she was in an accident. The evidence showed that her car went into a skid, slid on the ice and ended up in the left hand lane in front of plaintiff's car ap-

proaching from the north. The accident occurred. The jury found for defendant.

In this appeal, plaintiff claims the trial court erred in giving two instructions: (1) U.J.I. 13.14, Sudden Emergency, and (2) U.J.I. 11.2, Violation of Statute or Ordinance; Excuse.

I should like to discuss this subject from two points of view: (1) the absence of any instructions in the record in the appeal and (2) the uncertainty of the use of the "Sudden Emergency" instruction.

A. *In the absence of instructions in the record, it is discretionary whether we should consider them.*

Plaintiff's requested description of the record proper addressed to the Clerk of the District Court reads:

Please prepare a record proper for the appeal of this matter consisting of the following:
1. Plaintiff's Complaint;
2. Defendant's Answer to Plaintiff's Complaint; and
3. Pre-Trial Order.

The record proper did not contain defendant's answer, but it did include the Judgment, Notice of Appeal and other appellate requirements. No request was made for the instructions given to the jury and none are of record in this appeal.

The only case in New Mexico relating to the failure of an appellant to bring the instructions up is *Reagan v. Railway Co.*, 15 N.M. 270, 106 P. 376 (1910). The railway company filed a motion for a new trial, and the motion being overruled, it took an appeal. The court said:

In the motion for a new trial, nine alleged errors are assigned, but we will only consider the second, as the others relate to instructions either given or refused by the court, and *as the instructions are not brought up with the transcript, we cannot consider them.* [Emphasis added.] [Id. 271, 106 P. 376.]

Prior thereto, the rule was uniform that complaints made of instructions given or refused would not be considered in an appeal where the transcript contained none of the instructions. *Schneider v. Tombling*, 34 Neb. 661, 52 N.W. 283 (1892); *Hopkins v. Bishop*, 91 Mich. 328, 51 N.W. 902 (1892); *City Electric Ry. Co. v. Jones*, 161 Ill. 47, 43 N.E. 613 (1896); *Braveman v. Fresno Canal & Irrigation Co.*, 101 Cal. 644, 36 P. 386 (1894); *Missoula Electric Light Co. v. Morgan*, 13 Mont. 394, 34 P. 488 (1893); *Lockwood v. Beard*, 4 Ind.App. 505, 30 N.E. 15 (1892). "As the appellant is bound to show error, and the instructions given are not before us, we must presume that they correctly and fully charged the jury as to the law of the case." *Hewlett v. Pilcher*, 85 Cal. 542, 24 P. 781, 782 (1890).

This rule continued after *Reagan*. *S & C Transport Co., Inc. v. McAlister*, 528 P.2d 1140 (Okl.App.1974); *Town of Lindsay v. Cooke County Electric Coop. Ass'n*, 497 S.W.2d 406 (Tex.Civ.App.1973); *Leach v. Weiss*, 2 Wash.App. 437, 467 P.2d 894 (1970).

There are no exceptions to this rule but one: An appellate court can exercise its discretion. Rule 8(c) of the Civil Rules of Appellate Procedure reads in pertinent part:

*At any time after filing the transcript on appeal* in the appellate court, the clerk of the district court, at the request of any justice or judge of the appellate court . . . shall *transmit the record on appeal, or such portion thereof* as may be requested, to the appellate court. . . . [Emphasis added.]

Rule 8(d) reads:

The fact that parts of the record are not included in the transcript *shall not prevent* the parties or the appellate court from relying on such parts. [Emphasis added.]

These subsections are directed to the transcript of the record, not the transcript of proceedings.

When "the transcript on appeal" is filed, it contains "the transcript of the record proper and the transcript of proceedings." Rule 8(c). An appellate judge cannot request the clerk of the district court to "transmit the record on appeal" when the record is here. This portion of the rule is

surplusage. The above rules are directed to transmission of "parts of the record."

If I read these rules correctly, if parts of the record are not included in the transcript of the record, it does not prevent the parties or the appellate court from relying on such parts if a justice or judge requests the district court clerk to transmit portions of the record not included in the transcript of the record. Whether a justice or judge shall make the request is not mandatory. It is discretionary.

No judge of this Court requested the district court clerk to transmit the jury instructions. Its discretion was not exercised. Plaintiff did not request inclusion of the Judgment, Notice of Appeal and other appellate requirements as a part of the record proper. If these parts of the record were not included in the record and no request was made by a judge of this Court, the parties and this Court are prevented "from relying on such parts." The appeal would be dismissed. The same principle should apply when an appellant does not include any instructions in the record and challenges some of them.

It is common knowledge among experienced lawyers and appellate judges that appellate courts weasel out of serious problems in the appeal and reverse when they believe justice to clients and lawyers demands it. Its purpose is to grant an appellant relief. But justice does not demand it when the judgment below is affirmed.

The instruction on "Sudden Emergency" begins:

A person who, *without negligence on his part*, is suddenly and unexpectedly confronted with peril .... [Emphasis added.]

What instructions, if any, were given on negligence and contributory negligence? What effect other instructions given might have on the two instructions challenged on appeal is unknown.

"It has been so long settled as to be almost axiomatic that the duty of having a transcript properly prepared and filed, incident to an appeal, rests upon the appellant, or plaintiff in error." *Buchanan v. Carpenter*, 65 N.M. 389, 396, 338 P.2d 292 (1959). "It is the duty of a litigant seeking review to see that a record is properly prepared and completed for review of any question by an appellate court." *Westland Development Co. v. Saavedra*, 80 N.M. 615, 618, 459 P.2d 141 (1969). "Matters not of record will not be considered on appeal." *Adams v. Loffland Brothers Drilling Company*, 82 N.M. 72, 76, 475 P.2d 466 (1970). "We are limited in our review to what is disclosed by the record." *Maryland Cas. Co. v. State Farm Mut. Auto. Ins. Co.*, 77 N.M. 21, 26, 419 P.2d 229 (1966). "Upon a deficient record, every presumption must be made by this Court 'in favor of the correctness and regularity of the trial court's judgment.'" *Muller v. City of Albuquerque*, 92 N.M. 264, 265, 587 P.2d 42 (1978).

This Court has abandoned these rules of law. The legal and philosophical concepts and moods of this Court on the subject matter have changed. Uncertainty, vagueness and conflicting opinions have resulted which disturb the district judges and trial lawyers.

The appeal in this case should be affirmed.

B. *The use of the "Sudden Emergency" instruction should attempt to approach certainty.*

For uncertainty and vagueness in the meaning and application of the "Sudden Emergency" instruction, see, *Williams v. Cobb*, 90 N.M. 638, 567 P.2d 487 (App. 1977); *Martinez v. Schmick*, 90 N.M. 529, 565 P.2d 1046 (App.1977) and *Barbieri v. Jennings*, 90 N.M. 83, 559 P.2d 1210 (App. 1976).

We are governed by U.J.I. 13.14. It reads:

A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence of the appearance of imminent danger to himself or another, is not expected nor required to use the same judgment and prudence that is required

of him in the exercise of ordinary care in calmer and more deliberate moments.

His duty is to exercise only the care that a reasonably prudent person would exercise in the same situation.

If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any reasonably prudent person under the same conditions then he has done all the law requires of him, even though in the light of after events, it might appear that a different course would have been better or safer.

In *Martinez*, this Court said:

"In order for the jury to follow the proper sequence, it would be desirable to precede the sudden emergency instruction by an instruction such as 'If you find that the plaintiff was contributorily [sic] negligent and that his negligence contributed to causing the emergency situation, you must disregard the instruction on sudden emergency.'" [Id. 90 N.M. 532, 565 P.2d 1046.]

A defendant who seeks the protection of the Sudden Emergency instruction cannot be found guilty of contributory negligence. As applied to a defendant, contributive conduct would be omitted.

By use of this suggested additional instruction, the jury could become confused between this instruction and a U.J.I. instruction on contributory negligence. It would have to distinguish between that negligence which contributed to cause "the emergency situation" and that preexisting negligence which did not, between that negligence which occurred at the moment the party was "suddenly and unexpectedly confronted with peril" and not before, and between that negligence which contributed to cause "the emergency situation" and that negligence which contributed to cause the accident. To adopt this suggestion would require a legal scholar to sit on the jury.

In *Barbieri*, a representative of decedent who was a passenger in Jennings' car, sued Jennings and Sister Louise as a result of a collision of their vehicles. The suit against Sister Louise was settled and the case proceeded against Jennings. The court, over plaintiff's objection, gave the sudden emergency instruction. This instruction was given for the benefit of Jennings and the jury found in favor of Jenkins.

There was evidence that Sister's vehicle crossed into the lane of travel of the Jennings' vehicle. While driving on her side of the road, she suddenly saw the lights of the Jennings' car and the collision immediately followed in the Jennings' lane of travel. There was evidence that the crossing happened so quickly that Jennings had no time to react; that he had no time to apply brakes, swerve the car or reduce his speed. An emergency did exist.

Plaintiff claimed that the instruction was inapplicable *because of his theory* that Jennings was negligent by driving too fast under existing conditions; that the sudden emergency doctrine does not apply to negligent acts prior to the emergency. This is known as the concept of "preexisting negligence" in its relationship with sudden emergency.

The first answer to the preexisting negligence contention was stated as follows:

Under the evidence, in determining whether negligence on Jennings part was the cause of the death, the jury necessarily had to determine whether any negligence on Sister's part was the proximate cause. The sudden emergency instruction, *if applicable at all,* was as applicable to Sister's conduct as to Jennings conduct.... [Emphasis added.] [Id. 85, 559 P.2d 1210.]

This answer needs some explanation. There is an intermixture of "cause of death" and "sudden emergency." An emergency did exist. The instruction was applicable and was given. What is meant by "if applicable at all"?

A second answer is that the contention assumes preexisting negligence. Whether there was such negligence was a factual issue to be resolved by the jury. A *theory* of preexisting negligence was not

a basis for instructing on sudden emergency. [Emphasis by Court.] [Id. 85, 559 P.2d 1210.]

I am not sure of the reasons why it was proper to give the sudden emergency instruction. *Barbieri* was interpreted to mean that:

[T]he existence of a jury question with regard to whether the party offering the sudden emergency instruction *contributed by his own negligence to creating the emergency is not a bar* to giving the sudden emergency instruction where there is evidence to support it [citations omitted]. *Only if the court can rule as a matter of law that there was a prior negligence which contributed to creating the emergency can the sudden emergency instruction be refused.* [Emphasis added.]

*Williams*, [Id. 90 N.M. 647, 567 P.2d 487], Hernandez, J., specially concurring.

I read this to mean that if a question of fact arises whether the party's prior negligence contributed to creating the emergency, the sudden emergency instruction may be given. If, however, the trial court rules as a matter of law that a party's prior negligence did create the emergency, then the instruction shall not be given. This was not the "preexisting negligence" theory in *Barbieri*.

As I shall later point out, "prior negligence" is not an essential element in the creation of the doctrine of sudden emergency. It may be in conflict with the preexisting negligence theory created in *Barbieri* or it creates a "preexisting negligence" theory in the creation of an emergency.

In the instant case, Judges Wood and Hernandez take issue with one sentence in *Williams* written by Judge Lopez. If the next two sentences were read in addition, the language would read:

"Even if we were to agree that there was an emergency, the evidence shows that the emergency was a natural and direct result of defendant's failure to stop before entering the intersection. The defendant was 'without negligence on his part;' therefore, he cannot take advantage of a sudden emergency instruction."

This constitutes a correct statement of the law.

In the instant case, perhaps because not raised, the facts stated did not create the existence of a sudden emergency. It simply states that the emergency occurred when defendant encountered the ice sheet. What her reactions were and what choice she had to make, if any, is unknown. This will be explained later.

Without further comment, an attempt will be made to set the guidelines for the application and use of the sudden emergency instruction.

Plaintiff and defendant had an automobile collision. Plaintiff denied that a sudden emergency existed and defendant was not entitled to the benefit of the instruction. Defendant claimed a sudden emergency did exist and requested that the instruction be given. The instruction was given. The questions then are:

(1) How shall the court decide whether the sudden emergency existed?

(2) How shall the jury decide the issue if the instruction is given?

To make its decision on whether to give the instruction, the trial court must evaluate the facts and evidence based upon how it views the credibility of the witness. This factor is the sole function of the trial court. It is not the function of a court of review. We should not recite the facts and evidence most favorable to one party or the other and then declare that the trial court was correct or erroneous in its determination of whether an emergency existed and in giving or denying the instruction. This determination is final unless there is no evidence on one or both of the essential elements of the sudden emergency doctrine.

A sudden emergency exists where a plaintiff or defendant or both are (1) suddenly placed in a position of peril or serious danger and (2) become so excited or frightened that plaintiff or defendant or both are unable to deliberate upon the safety of the comparative courses to follow that are open.

*Vigil v. Atchison, T. & S. F. Ry. Co.*, 28 N.M. 581, 215 P. 971 (1923); *Seele v. Purcell*, 45 N.M. 176, 113 P.2d 320 (1941). If there is sufficient evidence to establish these factors, a sudden emergency exists and the instruction should be given. If not, it should be refused.

To arrive at its determination whether to give the instruction, the trial court must consider evidence on the five essential elements of the sudden emergency doctrine set forth in my dissenting opinion in *Martinez*, evidence which bears upon (1) whether the sudden peril was reasonably anticipated by defendant; (2) whether the defendant's own negligent conduct at the time created the sudden peril; (3) whether defendant was faced with deciding between two or more courses of action to follow in order to make a choice; (4) whether defendant had time to reflect upon which course to follow; and (5) whether defendant exercised reasonable care under the circumstances. The trial court should be required to state its reasons for giving the instruction. These elements are, in effect, findings of fact, findings that may be challenged on appeal by the party who objected to allowing the instruction to be given.

If the instruction is not given, the party who tendered it can challenge the findings made in denial thereof.

To sum up, as applied to a motor vehicle collision, the trial court shall give an instruction on sudden emergency if there is substantial evidence (1) that either or both drivers operating a motor vehicle while on a highway, street or roadway are suddenly and unexpectedly confronted with peril and (2) that either or both drivers became so excited or frightened that either one or both drivers are unable to deliberate upon the safety of a course to follow that is available and are unable to make a choice. This evidence creates a sudden emergency.

However, if the trial court believes that the sudden peril was reasonably anticipated by one or both drivers, or that the negligent conduct of one or both drivers at the time was the proximate cause of the sudden peril, not the accident, then the driver who was not at fault is entitled to the benefit of the instruction and the driver at fault is not. Of course, if both drivers are at fault, neither is entitled to the instruction. The trial court must consider only evidence of the conduct of the drivers at the time the sudden emergency came into existence, not any preexisting negligent conduct that may have been the proximate cause of the accident.

A court of review should not weigh the facts in a determination of whether the instruction given or denied is erroneous. It should review the trial court's decision to determine whether there was substantial evidence to support it.

With these guidelines, I have reservations about whether the instruction was properly given. Nevertheless, in this case, it was of as much benefit to plaintiff as to defendant.

The appeal in this case should be affirmed.