This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. A-1-CA-36268**

**TIMOTHY YOUNG,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jennifer E. Delaney, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Kennedy Kennedy & Ives
Adam C. Flores
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Timothy Young (Defendant) appeals from the district court's denial of his second motion to dismiss the criminal information, arguing the criminal prosecution in the present case, which followed forfeiture of a bond posted by Defendant as a surety on behalf of a criminal defendant, violates double jeopardy. We affirm.

{2} This Court previously affirmed forfeiture of the $25,000 cash bond Defendant posted on behalf of Serina Aguilera. *See State v. Aguilera*, No. A-1-CA-34754, 2017 WL 2102670, mem. op. (N.M. Ct. App. Apr. 12, 2017) (non-precedential). The parties do not appear now to dispute the factual content of that memorandum opinion, and since this too is a memorandum opinion in which the question is one of law, we refer to facts set forth in *Aguilera*, along with the district court's order denying Defendant's second motion to dismiss and the briefs on appeal, only as necessary.

{3} We affirmed forfeiture of the bond in *Aguilera* because, first, the district court acted within its discretion in declaring a forfeiture, and second, not only did Defendant's efforts not aid in Aguilera's apprehension, but they appear to have been aimed toward advancing her failed effort to avoid apprehension. *Id.* ¶¶ 12-13. Regarding the latter, Defendant was charged with theft of identity; conspiracy to commit theft of identity; harboring a felon; and encouraging violation of probation, parole, or bail. Defendant filed two motions to dismiss the criminal information on double jeopardy grounds, both of which were denied. On appeal, Defendant again

contends his criminal prosecution following forfeiture of the bond violates double jeopardy and constitutes multiple punishments for the same acts.

{4}     Our law provides "[n]o person shall be twice put in jeopardy for the same crime." NMSA 1978, § 30-1-10 (1963); *see* N.M. Const. art. II, § 15 (same). We generally apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation. *State v. Andazola*, 2003-NMCA-146, ¶ 14, 134 N.M. 710, 82 P.3d 77. "[A] legislature may impose both a criminal and a civil sanction in respect to the same act or omission without violating the Double Jeopardy Clause." *State ex rel. Schwartz v. Kennedy*, 1995-NMSC-069, ¶ 23, 120 N.M. 619, 904 P.2d 1044 (internal quotation marks and citation omitted). In such a circumstance, however, "[a] criminal adjudication followed by a civil forfeiture, or vice versa, violates double jeopardy only if the forfeiture constitutes 'punishment.' " *City of Albuquerque v. One (1) 1984 White Chevy Ut.*, 2002-NMSC-014, ¶ 7, 132 N.M. 187, 46 P.3d 94. *Kennedy* sets forth the following three-part analysis of whether a forfeiture and a criminal prosecution violate double jeopardy:

> Multiple punishment analysis . . . entails three factors: (1) whether the [s]tate subjected the defendant to separate proceedings; (2) whether the conduct precipitating the separate proceedings consisted of one offense or two offenses; and (3) whether the penalties in each of the proceedings may be considered "punishment" for the purposes of the Double Jeopardy Clause.

1995-NMSC-069, ¶ 15. We affirm based on the second *Kennedy* factor.

**{5}** In considering whether the conduct precipitating the bond forfeiture and Defendant's criminal prosecution constitutes one or two offenses for double jeopardy purposes, we apply the test established in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See Swafford v. State*, 1991-NMSC-043, ¶ 10, 112 N.M. 3, 810 P.2d 1223 (adopting the *Blockburger* test). In *Blockburger*, the Supreme Court stated, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304.

**{6}** The circumstances under which a bond may be forfeited are set forth by statute and rule. "Whenever a person fails to appear at the time and place fixed by the terms of his bail bond, the court . . . may declare a forfeiture of the bail." NMSA 1978, § 31-3-2(B)(2) (1993); Rule 5-406(C) NMRA ("If the defendant has been released upon the execution of an unsecured appearance bond, percentage bond, property bond, cash bond, or surety bond under Rule 5-401 NMRA, and the *defendant* fails to appear in court as required, the court may declare a forfeiture of the bond." (emphasis added)). In the forfeiture proceeding, the district court issued a notice of forfeiture and an order to show cause based on Aguilera's failure to appear for a hearing on August 18, 2014. *Aguilera*, No. A-1-CA-34754, mem. op. ¶¶ 3-4. The district court ultimately entered a default judgment on the bond stating "Aguilera had failed to appear in violation of

4

her signed condition of release agreeing that she would appear at such times and places as may be required by the district court." *Id.* ¶ 4 (alteration and internal quotation marks omitted). The district court went on to conclude "Aguilera was not surrendered into custody, and good cause was not shown as to why default judgment should not be entered." *Id.* (alteration, omission, and internal quotation marks omitted). Thus, the forfeiture of the bond was based upon and required proof that Aguilera failed to appear at a scheduled hearing. The charges against Defendant in the present case separately arise from Defendant's alleged actions in helping Aguilera avoid apprehension after she failed to appear, not from Aguilera's failure to appear. Therefore, the forfeiture and Defendant's subsequent criminal prosecution were not based upon the same act or transaction. Rather, both arose from wholly separate facts within a collective set of facts associated with Aguilera's absconding and Defendant's alleged provision of assistance to that effort.

{7}     Defendant relies heavily on *State v. Amador*, 1982-NMSC-083, ¶¶ 14-16, 98 N.M. 270, 648 P.2d 309, in which our Supreme Court reversed the forfeiture of the entire amount of the bond because, despite the bondsman's diligent efforts to apprehend the defendant and bring him back for trial, the bondsman was thwarted by the actions of another sovereign jurisdiction. But the decision in *Amador* is based on Section 31-3-2(C), which allows the district court to set aside a forfeiture "if it appears

that justice does not require the enforcement of the forfeiture." *Id.* ¶ 12; *see also* Rule 5-406(B) ("If the paid surety arrests the defendant under [NMSA 1978,] Section 31-3-4 [(1972)] prior to the entry of a judgment of default on the bond, the court may absolve the paid surety of responsibility to pay all or part of the bond."); Rule 5-406(D) ("The court may direct that a forfeiture be set aside in whole or in part upon a showing of good cause why the defendant did not appear as required by the bond or if the defendant is surrendered by a surety, if any, into custody prior to the entry of a judgment of default on the bond. Notwithstanding any provision of law, no other refund of the bond shall be allowed."). A subsequent provision, Section 31-3-2(F), then limits the circumstances under which the district court may exercise discretion to set aside a forfeiture and requires return of the forfeited bond if "the accused has been arrested and surrendered to the proper court to be tried on such charge or to answer the judgment of the court, provided that the apprehension of the accused in some way was aided by the surety's efforts or by information supplied by the surety." *Id.*

**{8}** Defendant now argues that at the forfeiture hearing, the State's theory in support of forfeiture and against application of the exception in Section 31-3-2(F) employed two facts that are the basis of the ensuing criminal prosecution. First, Defendant points to the State's use of the false identification he allegedly provided to

6

Aguilera. Second, the criminal case against Defendant relies on the fact that he accompanied her as she tried to re-enter the United States from Mexico without being accurately identified. Thus, Defendant argues, his conduct in helping Aguilera avoid apprehension is the same conduct for which he is being criminally prosecuted. Put differently, in denying Defendant's request that the bond be mandatorily remitted under Section 31-3-2(F), the district court must have incorporated in its determination the conclusion that Defendant's actions hindered, and did not help, Aguilera's apprehension, and therefore cannot form the basis of an ensuing criminal prosecution.

{9}     We find this argument unavailing. Defendant conflates the evidence weighing against application of Section 31-3-2(F) with the underpinning conduct upon which the forfeiture was based—Aguilera's failure to appear. We are therefore unconvinced the second *Schwartz* factor weighs in Defendant's favor and conclude the bond forfeiture and the criminal prosecution of Defendant each require proof of a fact the other does not because they are based on separate conduct by different people. That is, the bond was forfeited upon the State's presentation of the fact that Aguilera failed to appear at a hearing at which her presence was required; Defendant's criminal prosecution rests entirely upon Defendant's alleged aid in Aguilera's unsuccessful effort to conceal her identity and location following her failure to appear and absconding from prosecution.

{10}    We conclude the forfeiture of the bond and subsequent criminal prosecution of Defendant for his role in helping Aguilera avoid apprehension are separate proceedings that involve distinct actions by different individuals, require proof of separate facts that the other does not, and therefore do not violate the constitutional protection against double jeopardy. Accordingly, we affirm.

{11}    **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

_____

**JENNIFER L. ATTREP, Judge**