This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40689

**ERIC CANDELARIA,**

Plaintiff-Appellant,

v.

**ROGER REYES,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Court Judge**

Eric Candelaria
Rio Communities, NM

Pro Se Appellant

Roger Reyes
Rio Communities, NM

Pro Se Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**     Plaintiff appeals the entry of a judgment finding he "did not have sufficient testimony to prove the essential elements of his claim." [RP 105] This Court issued a notice of proposed disposition proposing to affirm the judgment below largely on the basis that the docketing statement failed to provide information necessary to review that judgment. Plaintiff has filed a memorandum in opposition to that proposed disposition, which we have duly considered. Remaining unpersuaded that the district court committed error, we now affirm.

**{2}** This case was initiated in magistrate court by way of a complaint asserting that Defendant performed "scam automotive repair work" resulting in damage to the crankshaft of Plaintiff's car, eventually requiring the engine to be replaced. [RP 9] On appeal, Plaintiff asserts both that Defendant committed an "intentional tort" [DS 3; MIO unnumbered page] and that the damages were caused by "negligence" [MIO 2]. The magistrate record also contains an estimate and invoice for work described as replacement of a cylinder head assembly, which Plaintiff has also attached to his memorandum filed with this Court. [RP 19-20; MIO unnumbered exhibits] We presume this to be the work Defendant was hired to perform and we further understand from Plaintiff's docketing statement and memorandum that his central allegation is that Defendant damaged the keyway on the pulley end of the crankshaft of his engine by boring it out with a drill or Dremel. [DS 3; MIO 2] Plaintiff has also attached photos to his memorandum, all of which also appear in the magistrate court record, including a photo of a damaged crankshaft keyway. [MIO unnumbered photograph; RP 16] For present purposes, we presume this photo depicts the crankshaft in Plaintiff's car.

**{3}** As our notice pointed out, Plaintiff's docketing statement did not inform us "whether or how those photos were admitted as evidence at trial." [CN 6] Plaintiff's memorandum now asserts, in general terms, that "photos of the damage" were admitted into evidence [Id.], although it remains unclear what testimony was offered to explain what is shown in those photos. It remains similarly unclear how those photos established that Defendant caused the damage depicted or what other evidence may have been offered to establish that fact. It also remains unclear whether Plaintiff, or Defendant, or both testified at trial.

**{4}** Plaintiff's docketing statement did recite that the district court asked whether Plaintiff is a mechanic and he respondent he is not, but that he has "an understanding of how [Defendant] should have performed his task at hand." [DS unnumbered page] Similarly, Plaintiff's memorandum concedes that he is "no mechanic, however, engine timing is relatively easy to understand." [MIO 2] As our notice pointed out, we cannot discern from these facts what ruling the district court made with regard to the photographic and testimonial evidence offered in support of Plaintiff's claim or claims, much less the basis for that trial court ruling.

**{5}** We note that Plaintiff's continued assertion that he understands and can explain both engine timing and what Defendant "should have" done suggests that the question before the district court may have been his ability to provide opinion testimony pursuant to Rule 11-702 NMRA. Under that rule, if "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise." *State v. Alberico*, 1993-NMSC-047, ¶ 43, 116 N.M. 156, 861 P.2d 192.

**{6}** Perhaps Plaintiff sought to provide such testimony in support of a claim that Defendant failed to exercise reasonable care or, alternatively, in support of a claim that Defendant intentionally damaged his car. In either case, receiving such testimony would

have first required that the district court determine whether Plaintiff has the kind of knowledge, skill, experience, training, or education that would allow him to assist the fact-finder in understanding the evidence presented. *Id.* Such a determination could be made on the basis of evidence concerning Plaintiff's prior knowledge and experience with automotive repair and drive-chain mechanics. Neither Plaintiff's docketing statement nor his memorandum, however, describes any such evidence being offered below. As a result, we have no way to assess whether the district court should have permitted him to testify regarding the cause of the alleged damage to his car or what a reasonable mechanic would or would not do. If, as we suspect, Plaintiff is asserting that the district court erred by excluding testimony, he has not provided us with the basic facts that would allow us to determine whether the testimony in question was admissible.

**{7}** Similarly, Plaintiff continues to assert that the district court should have questioned Defendant "to resolve the issue at hand." [MIO 3] Plaintiff does not, however, explain "what that questioning would have involved and direct us to any rule or other authority that he believes required the district court to question the Defendant," as our notice explained would be necessary in order to review his assertion of error. Instead, Plaintiff argues that the district court "is an authority figure that is in a position to question [Defendant] and [Plaintiff] to resolve the issue at hand." [Id.] While it is true that courts occupy a position of authority, it remains a basic principle of law that the parties to a lawsuit are responsible for examining their own witnesses, presenting their own evidence, and proving the facts upon which they base their arguments before the court. *See Reagan v. El Paso & N. E. Ry. Co.*, 1910-NMSC-006, ¶ 8, 15 N.M. 270, 106 P. 376 ("It is an elementary principle of law. . . that before a plaintiff can recover he must prove his case."). We are aware of no legal principle that would have required the district court to question Defendant, as Plaintiff is suggesting on appeal. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (noting that in order to present an issue for this Court's review on appeal, the appellant must submit relevant authority as required by our rules).

**{8}** As our prior notice in this appeal explained, appeals to this Court involve a review of the record created below:

> This means that we review the proceedings that occurred in the district court, rather than receiving evidence or otherwise re-trying the case. Thus, in this Court's review of the district court proceedings, it is our job to determine whether error occurred in the course of the trial that took place before the district court. . . . In order to review that district court trial, our rules require that appellants include in the docketing statement "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented." Rule 12-208(D)(3) NMRA. Thus, the party filing an appeal must provide this Court with a recitation of all relevant facts, including facts that supported the decision of the district court. *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268. We also require that an appellant provide a short statement of

how each issue was raised and preserved for review. Rule 12-208(D)(4). This means that we need to know how the parties alerted the trial court to an issue by, for instance, objecting to the admission of evidence or requesting that the court do something other than what it did. And, finally, appellants must provide us with some authority, such as a rule or an appellate opinion that the appellant believes was not followed by the trial court. Rule 12-208(D)(5).

[CN 3-4]

**{9}** Unfortunately, Plaintiff's memorandum leaves this Court largely in the same position it was in prior to receiving that memorandum. Plaintiff does not provide us with many of the facts necessary to addressing the issues raised on appeal. If Plaintiff is appealing the exclusion of testimony below, for instance, he has not informed us how he alerted the district court to that issue or how or whether he asked that court to do something other than what it did. Plaintiff does not direct us to any rules, statutes, or appellate opinions that would have required the district court to do anything other than what was done.

**{10}** Ultimately, Plaintiff has not met his burden on appeal of explaining the errors he would have us correct, leaving us in no position to reverse the rulings and decisions of the district court. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment entered below.

**{11}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**